VAN VRANKEN v. THE C. R. & M. R. R. Co. ET AL.

1. Contract: WHEN TIME IS OF THE ESSENCE: EFFECT OF EXTENSION. Where after default in the payment of the last instalment due upon a contract for the conveyance of land, which made time of its essence, an extension for a certain time was granted upon consideration of the payment of interest at a higher rate, it was held that the provision of the original contract making time of its essence did not apply to the time as extended.

2. ———: ———: TAXES. A provision making the time of payment of the essence of a contract to convey was held not to extend to the time of payment of taxes on the land, no date being specified for their payment by the contract.

*Appeal from Marshall Circuit Court.*

SATURDAY, DECEMBER 11.

ACTION in chancery for the specific performance of a contract to convey land. Upon a trial on the merits a decree was entered granting the relief sought in the petition. Defendants appeal.

*I. N. Kidder* and *E. S. Bailey*, for appellants.

*O. S. Binford* and *Brown & Binford*, for appellee.

BECK, J.—I. The undisputed facts of this case are as follows: On the 12th day of July, 1868, the Cedar Rapids & Missouri River Rail Road Company contracted to sell the land in controversy to E. C. and G. H. Hixon. A written agreement was entered into by the parties, wherein the railroad company undertook to convey the land to the other parties upon certain annual payments with interest at six per centum per annum being made, as specified in the instrument. The purchasers undertook "regularly and seasonably to pay all such taxes and assessments as may be lawfully imposed upon the premises." The following condition was incorporated into the contract:

" But in case the second party shall fail to make the payments aforesaid, or any of them, punctually, and upon the strict terms and times above limited, and likewise to perform and complete all and each of their agreements and stipulations aforesaid, strictly and literally, without any failure or default, the times of payment being of the essence of this contract, then the party of the first part shall have the right to declare this contract null and void, and all rights and interests hereby created or then existing in favor of said second party, or derived under this contract, shall utterly cease and determine, and the premises hereby contracted shall revert to, and revest in, said first party (without any declaration of forfeiture, or act, or re-entry, or without any other act by said first party to be performed, and without any right of said second party of reclamation or compensation for moneys paid or improvements made), as absolutely, fully and perfectly as if this contract had never been made."

Other conditions of the contract need not be set out.

The land was conveyed to the Iowa Rail Road Land Company, subject to the contract, which was to be performed by that corporation. Plaintiff is the sole heir of an assignee of the contract. No question is raised as to his right to enforce it, or of the obligation of the land company to perform it, if, upon the facts of the case, equity will enforce specific performance. On the 29th of August, 1872, all the annual payments having fallen due, the first having been paid, and the last having been due more than one year, an agreement was entered into between the parties that plaintiff should pay ten per centum per annum interest, and the time of payment should be extended to January 20, 1873. Under this agreement the interest at ten per centum due at the time was paid. A memorandum of this agreement to extend the time of payment was entered upon the face of the original contract by the proper officer of the land company, who signed the same with his initials. No other payments were made until October 12, 1874, when plaintiff paid the interest due to that day

at the rate of ten per centum per annum, receiving a receipt therefor from the cashier of the land company. When this payment was made he requested a further extension of time, and left his address with the cashier. The officer authorized to grant the extension was absent. Plaintiff's request was not granted. Valuable improvements had been made upon the land by plaintiff and those under whom he claims. The taxes for the year 1874 were not paid and the land was sold therefor. The land company redeemed from this sale June 26, 1876. On the 9th day of June, 1876, the company declared the contract forfeited, and its proper officer made an entry thereon for the purpose of canceling it. Subsequently the company entered into a contract with defendant Ford to sell the land. The plaintiff before this suit was commenced tendered to defendants the amount due on the contract and for taxes paid, with interest at ten per centum.

II. Under the original contract the times of payment of the purchase-money of the land were made "of the essence

1. CONTRACT: when time is of the essence : effect of extension.

of the contract." Under that contract a failure to pay at the time specified would forfeit plaintiff's right to enforce it. But after default as to all the annual payments, on the 29th of August, 1872, a new contract as to the time of payments was entered into and witnessed by the memorandum indorsed upon the face of the instrument. This new contract extended the times of payment to January 20, 1873. It was based upon the consideration of the increase of interest to ten per centum instead of six, and interest at the higher rate was accordingly then and afterward paid.

It cannot be claimed that after the new contract was entered into, and before January 20, 1873, the original agreement could have been forfeited by defendant for non-payment, because the new agreement, as to the time of payment, took the place of the old. That it was competent for the parties thus to change their contract cannot be doubted. Upon the failure of plaintiff to pay at the time specified by the new

contract was the old contract revived? Surely not, for it had been superseded by the new contract. The old contract, as to the time of payment, had ceased to be of force; the parties rested upon the new one. This is very plain.

Does the new contract make time of its "essence"? Surely not; it is nothing more than a simple agreement that payment shall be made at the time specified, at ten per centum per annum interest. The case is simply this: a contract making time of its "essence" is superseded by another contract that has no such provision; this is all there is of it. We surely will not be expected to cite authorities to support the position that it is competent for parties thus to change their contracts, and that the construction we put upon the new contract is correct. These positions are based upon elementary principles of the law.

III. We are required to consider the effect of plaintiff's default in the payment of taxes. The defendant was bound 2. —— : ——; "regularly and seasonably to pay all taxes." The taxes. time of the payment of the taxes was not made of the essence of the contract, for no definite time was fixed therefor, and indeed the language of that part of the contract which we have above quoted does not apply to the time of the payment of taxes so as to declare it of the "essence" of the contract. We will repeat the language of that condition, leaving out such parts of it as do not apply to the payment of taxes. It is as follows: "But in case the second party shall fail   *   *   *   *   to perform and complete all and each of their agreements and stipulations aforesaid, strictly and literally, without any failure or default   *   *   *   *   then the party of the first part shall have the right to declare this contract null and void," etc.

The language considered in connection with that part of the contract which obligates plaintiff to pay the taxes does not make the time of payment of the taxes of the "essence" of the contract. That it was not the intention of the parties to so provide is made plain by the express language of the

contract making the time of payment of the purchase-money of the essence of the contract; had they intended the same condition to apply to the payment of taxes it would have been so expressed. It is a familiar rule of the equity courts that the time of payment or performance of acts provided for by contracts is not to be considered of their essence unless it be so expressed by proper language, "or the parties have so treated it, or it necessarily follows from the nature and circumstances of the contract." Under this rule it cannot be held that the time of the payment of the taxes is of the essence of the contract.

Doubtless the defendants could have treated the contract as void upon giving reasonable notice of such intention to plaintiff after his default. But this was not done.

The decree of the Circuit Court is, we think, without error; it is, therefore,

AFFIRMED.

## ON REHEARING.

SEEVERS, J.—On the application of the appellants a rehearing was granted upon the question "Whether the provision making time of the essence of the contract applies to the time as extended."

Mr. Justice DAY and the writer hereof incline to believe the foregoing proposition should, under the record before us, be answered in the affirmative instead of the negative, as has been done in the foregoing opinion. A majority of the court, however, are clearly of opinion the case has been rightly determined. Under such circumstances it would be a waste of time for the minority to state their reasons for the doubts entertained. The former opinion is adhered to.