ST. ELMO W. ACOSTA AND WALTER B. CLARKSON, *Appellants,* v. GRANDERSON C. ANDERSON, *Appellee.*

1. It is a familiar rule in equity that the time of payment provided for in a contract is not to be considered of its essence unless it be so expressed by proper language.

2. When a contract to convey real estate requires the purchaser to pay all taxes that may be legally levied or imposed upon said land subsequent to the year 1904, and the contract does not fix the time when said taxes are to be paid, the time of the payment of the taxes was not made of the essence of the contract.

3. The mere payment of taxes by the vendor for his own protection is not an election to declare a forfeiture under a contract providing for forfeiture upon the vendee's default in paying the taxes legally levied upon the land that is the subject of the contract of purchase.

4. When the right to declare a forfeiture is optional with the vendor of real estate upon default by the vendee, the former must indicate his election to forfeit the contract or it will be considered as still in force, unless the vendee has waived notice of forfeiture.

This case was decided by Division B.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*John. E. Hartridge,* for appellants.

*D. C. Campbell,* for appellee.

PARKHILL, J.—On the 14th day of September, 1906, Granderson C. Anderson filed his bill against the appellants for the specific performance of an agreement in writing under seal, in words and figures as follows:

"ARTICLES OF AGREEMENT, Made this 5th day of December, in the year of our Lord one thousand nine hundred and four between St. Elmo W. Acosta, party of the first part, and Nedom Lott, party of the second part.

WITNESSETH, That if the said party of the second part shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed the said party of the first part hereby covenants and agrees to convey and assure to the said party of the second part in fee simple, clear of all incumbrances whatever, by a good and sufficient deed, the lot, piece or parcel of ground situated in the County of Duval, State of Florida, known and described as follows, to-wit:    The west 264 feet of Lot five (5) in Block E. in the Long Branch Tract as per map in Book AH, pages 526 and 527, Duval County Public Records as the same existed prior to the conflagration of May 3rd, A. D. 1901, containing as shown by said map, two (2) acres of land.

And the said party of the second part hereby cove-

nants and agrees to pay to the said party of the first part the sum of Four Hundred Dollars ($400.00) in the manner following: Ten and 40-100 dollars as advance interest to April 1, 1905, and thereafter on the first days respectively of January, April, July and October of each year the sum of Eight (8) Dollars as advance quarterly interest or lease money, and the said principal sum of Four Hundred Dollars ($400.00) at any time on or before eight (8) years from date hereof with interest at the rate of eight (8) per centum per annum, payable as above set out, and to pay all taxes, assessments or impositions that may be legally levied or imposed upon said land subsequent to the year 1904, and in case of the failure of the said party of the second part to make either of the payments or any part thereof, or to perform any of the covenants on his part hereby made and entered into, this contract shall, at the option of the party of the first part be forfeited and terminated and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by him sustained, and said party of the first part shall have the right to re-enter and take possession of the premises aforesaid without being liable to action therefor. Insurance on buildings that may be erected on said land shall be kept up at expense of said second party for the protection of this contract.

It is mutually agreed by and between the parties hereto that the time of payment shall be an essential part of this contract, and that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

In Witness Whereof, the parties to these presents

have hereunto set their hands and seals the day and years first above written.

St. Elmo W. Acosta,     (Seal.)<br>
Nedom Lott,             (Seal.)

Signed, Sealed and Delivered
in the presence of:

> W. B. Clarkson,
> R. W. Sasnett."

Nedom Lott went into the actual exclusive possession of the property so purchased, and, on the 30th day of December, 1905, assigned the said agreement and all his right, title and interest in said property to the complainant, Anderson, who went into the actual, exclusive, peaceable possession of said property and continued to so hold the same at the time the bill of complaint herein was filed.

On the 1st day of May, 1906, Mr. Acosta sold and conveyed an undivided one-half interest in the said property to W. B. Clarkson, who was a subscribing witness to the agreement already set forth, and who acquired his interest in the property with actual knowledge of all rights, equities and possession of the complainant.

The respondents filed a general demurrer to the bill of complaint, which was overruled. They then filed a joint and several plea, which was overruled on the 22nd day of August, 1908, and respondents appealed. The facts as they appear in the pleadings will be presented in the discussion of the case.

Under the errors assigned, the appellants contend that a deed was to be made only upon the performance of all the covenants mentioned in the agreement, that time was made of the essence of the contract, and that the failure by the complainant to pay the taxes assessed upon the property for the year 1905 worked a forfeiture of

the contract and all rights of the complainant thereunder.

The contract requires the complainant "to pay all taxes, assessments or impositions that may be legally levied or imposed upon said land subsequent to the year 1904," but it entirely fails to fix the time when the taxes are to be paid. It simply binds the complainant to pay the taxes that may become due each year. The time of the payment of the taxes was not made of the essence of the contract for no definite time was fixed therefor. The contract makes the time of payment an essential part of the contract, but payment here refers evidently to the interest and the principal sum for the payment of which definite dates are prescribed. The contract provides that in case of the failure to make either of the payments or any part thereof the contract may be forfeited, and the contract provides that the time of payment shall be an essential part of the contract. The contract provides, with reference to the covenant to pay taxes, that in case of the failure to perform any of the covenants thereby made and entered into the contract may be forfeited. This language does not make the time of payment of the taxes an essential part of the contract. Van Vranken v. C. R. & M. R. R. Co., 55 Iowa 135, 5 N. Rep. 197; 7 N. Rep. 504. It is a familiar rule in a court of equity that the time of payment provided for by contract is not to be considered of its essence unless it be so expressed by proper language. Chabot v. Winter Park Co., 34 Fla. 258, 15 South. Rep. 756, 43 Am. St. Rep. 192.

It cannot be claimed that the complainant was bound to pay the taxes before they came due; and, although the defendants claim now that the taxes were due and payable in November, 1905, and should have been paid before the advertisement of the land for non-payment of the taxes in April, 1906, yet they gave to the complainant

during that time no notice of any kind, in the exercise of their option, that they would insist upon a forfeiture of the contract for the non-payment of the taxes; but, on the contrary, they received and collected from Nedom Lott all payments of interest in advance to April 1st, 1906, and on the 20th day of March, 1906, they collected from the complainant in advance the quarterly interest due under the contract for the months of April, May and June, 1906.

Early in the month of June, A. D. 1906, the complainant saw that lots 1, 2, 3, 4, 5, in Block E, Long Branch were advertised for non-payment of taxes for the year 1905 as unknown owner. Lots 1, 2, 3, 4, and part of 5 belonged to the respondents. The two acres of land embraced in this contract form a part of lot 5. The complainant went immediately to the tax collector's office to pay the taxes on his part of lot 5, but the collector informed him that the respondents had paid the amount due on the five lots a day or two before. Thereupon the complainant went immediately from the collector's office to the respondents and offered and tendered them his *pro rata* of the taxes and costs, but the respondents thereupon refused to receive the same and notified the complainant that they considered all his rights and equities forfeited because complainant had not paid said taxes before said property was advertised for sale. On the same day the quarterly interest in advance for the months of July, August and September, 1906, became due and were thereupon promptly tendered, together with the taxes and costs, but were refused by respondents. On the same day the complainant tendered to the respondents the principal sum of four hundred dollars, together with the taxes and costs, and a deed of conveyance for said property prepared for

execution by respondents in due form of law and requested the execution of the same by them. Upon the refusal by the respondents to accept the same, the complainant deposited the same with the Capital Trust and Investment Company, a thoroughly responsible company subject to the order of respondents. The respondents considered the acceptance of the tenders made by the complainant until the 30th day of July, 1906, when they notified the complainant of their final determination not to accept the tender or to execute the deed. Upon the return of solicitor for complainant after an absence from the State for nearly a month, the complainant began the preparation of this bill of complaint and filed the same on the 14th day of September, 1906, and caused a subpoena to issue the next day, and to be served upon the respondents on the 17th day of the same month.

As the defendants were equally bound with the complainant to pay the taxes on lot five, it would seem that payment of the taxes due thereon by them was in protection of their property rather than in the exercise of their option to forfeit the contract, for the defendants did not pay their own taxes on this property until after the advertisement of the same by the tax collector.

As there was no time fixed for the payment of the taxes, either by the terms of the contract or by notice to the complainant from the defendants, we think the complainant could comply with the contract by paying the taxes on or before the time fixed by the tax collector in his notice of sale of the property for non-payment of the taxes. McClartey v. Gokey, 31 Iowa 505; Sigler v Wick, 45 Iowa 690; Barrett v. Dean, 21 Iowa 423; Matthews v. Mulvey, 38 Minn. 342, 37 N. W. Rep. 794.

We think, under the circumstances of this case, the

complainant shows a clear right to specific performance, and the decree is affirmed.

TAYLOR and HOCKER, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.