J. J. McCASKILL, *Appellant,* v. UNION NAVAL STORES COMPANY, A CORPORATION, *Appellee.*

1. Courts of equity always mitigate forfeitures or relieve against them, when this can be done without doing violence to the contracts of the parties.

2. Forfeitures not being favored in equity will not be enforced if couched in ambiguous language.

3. The covenant to pay taxes is in the nature of a covenant to pay money, and a forfeiture incurred by a breach thereof may be relieved against on the same principle.

4. All provisions of a contract should be considered and construed with reference to controlling provisions and principles of law.

5. Provisions of law applicable to the subject matter of contracts are parts of the contracts, whether so expressed or referred to in the contract or not.

6. Forfeitures, not being favored in the law, the provisions upon which they are based must be strictly construed.

7. Statutes are construed strictly against a forfeiture.

8. Where the statute provides, "all taxes shall be due and payable on or after the first Monday of November of each and every year," and unpaid taxes are not collectible by levy and sale until after the first Monday in April thereafter, and a contract obligating the U. N. S. Co. to pay all taxes on land for certain years, contains the provision that if the U. N. S. Co. shall, for three months after taxes become due and payable on the land, fail to pay such taxes, all rights shall immediately cease forever as to all tracts of land on which the U. N. S. Co. has failed to pay said taxes, a forfeiture will not be incurred by a delay to pay the taxes until the month of March succeeding the first Monday of November.

This case was decided by Division B.

Appealed from the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Wm. W. Flournoy,* for Appellant;

*Blount & Blount & Carter,* for Appellee.

PARKHILL, J.—The bill of complaint filed by appellee against appellant in the circuit court for Walton county alleges that the Union Naval Stores Company is the owner by deeds duly executed under seal by the Louisville & Nashville Railroad Company, R. G. Peters and A. L. Langellier of all the timber situated upon some twenty odd thousand acres of land fully described, the consideration therefor being $21,653.02; by said deeds of conveyance the Union Naval Stores Company and its assigns were granted not only the timber but the right to cut and remove same and to box, chip and work same for turpentine purposes for fifteen years, of which period less than seven years expired prior to the filing of this bill; that at the time of the execution of said conveyance the said railroad company and Peters and Langellier were the owners of the land and the timber thereon in fee simple and in possession thereof; that immediately subsequent to the making payment of the monies mentioned in such conveyances, the Union Naval Stores Company, through its agents and lessees entered into possession of the lands and timber described and boxed large quantities of the timber, and is still in possession of the said lands and using the timber thereon for turpentine and other purposes; that the defendant J. J. McCaskill claims to have purchased all the lands hereinbefore described—the lands being the same upon which grew the timber theretofore sold to the Union

Naval Stores Company, the said McCaskill having purchased the said lands, not only with constructive notice by reason of the record of the conveyances, but with actual notice of each of the said conveyances to the complainant and of the rights of the Union Naval Stores Company to the lands and timber hereinbefore mentioned, and the said McCaskill claims that he is now and was during the year 1907 the owner of the said lands by virtue of said purchase; that under the terms of the provisions in the deed from the said railroad company and Peters and Langellier to the Union Naval Stores Company, the said Naval Stores Company was under obligation to pay all taxes commencing with those levied for the year 1902, upon the said land, and the deed contained the provision, "and if it (the Union Naval Stores Company) shall for three months after taxes become due and payable on the land, fail to pay such taxes on any of the tracts of land herein described, such failure shall be taken as a declaration that the grantee abandons all rights thereby conferred upon the said lands on which taxes have not been paid, and all rights conferred by this instrument shall immediately cease forever as to all tracts of land on which grantee has failed to pay said taxes;" that in the month of March, 1908, the Union Naval Stores Company applied to the tax collectors for receipts for the State and county taxes upon said land assessed for the year 1907 and offered and tendered the full amount of taxes due thereon, but the tax collectors refused to accept payment of such taxes for said company because the defendant McCaskill had, a short while before, paid said taxes; that the said McCaskill now claims that the Union Naval Stores Company has failed to pay the taxes on the said lands in accordance with the terms of the conveyance, and thereby forfeited all rights in and to said land and the timber thereon.

The Chancellor issued a temporary injunction which

was afterwards made perpetual, restraining the said Mc-Caskill from entering upon said lands and from interfering with the complaining company in the use of said timber for turpentine purposes, the complainant being ordered to pay into the registry of the court for the defendant the sum of $651.73, upon such payment being made the complainant being relieved from the forfeiture claimed by defendant as against the rights of complainant in the lands and timber upon the lands described.

Passing by the question whether appellant, who was the defendant in the court below, is in a position to take advantage of the alleged forfeiture—the forfeiture clause not having been made by him and not embracing the grantees of the grantor, who was the beneficiary of the forfeiture, and the appellant having purchased the land, not the timber, before the alleged forfeiture, it seems clear to us that the Union Naval Stores Company was within its rights when it attempted in the month of March, 1908 to pay the taxes assessed against the land involved here for the year 1907.

Courts of equity always mitigate forfeitures, or relieve against them, when this can be done without doing violence to the contracts of the parties. Hall v. Delaplaine, 5 Wis., 206, S. C., 68 Am. Dec., 57 and note 85; Blair v. Chamblin, 39 Ill. 521, S. C., 89 Am. Dec., 322. Forfeitures, not being favored in equity, will not be enforced if couched in ambiguous language. Cleary v. Folger, 84 Cal., 316, 24 Pac. Rep., 280, 18 Am. St. Rep., 187.

The covenant to pay taxes is in the nature of a covenant to pay money and a forfeiture incurred by a breach thereof may be relieved against on the same principle. Giles v. Austin, 62 N. Y., 486.

All provisions of a contract should be considered and construed with reference to controlling provisions and principles of law. Stewart v. Stearns & Culver Lumber

Co., 56 Fla., 570, 48 South. Rep., 19. And provisions of law applicable to the subject matter of contracts are parts of the contracts, whether so expressed or referred to in the contracts or not. State *ex rel*. Ellis v. Tampa Water Works Co., 56 Fla., 858, 47 South. Rep., 358.

Forfeitures, not being favored in the law, the provisions upon which they are based must be strictly construed. Town of Mt. Morris v. King, 28 N. Y., Supp., 281, text 284, 77 Hun., 18; 3 Words and Phrases, 2894. Statutes are construed strictly against a forfeiture. 2 Lewis' Sutherland Statutory Construction, Paragraph 547; Brundy v. Mayfield, 15 Mont., 201, 38 Pac. Rep., 1067; Manhattan Trust Co. v. Davis, 23 Mont., 273, 58 Pac. Rep., 718.

The provisions of Section 541 of the General Statutes of 1906, are applicable to the subject matter of the contract before us and become part of the contract. That section of the statute provides in part as follows: "All taxes shall be due and payable on or after the first Monday of November of each and every year;" and, according to the provisions of this section, unpaid taxes are not collectible by levy and sale until after the first Monday in April.

The complainant was bound to pay the taxes within three months after such taxes shall become due and payable. We think, according to a fair construction of the language of this contract, the word "become" means "be," that is the time when the taxes "become due and payable" is the time when the taxes "shall be due and payable;" and, according to the statute, taxes do not become due and payable *on* the first of November only but *on or after* the first Monday of November. Of course, if taxes became due and payable only on the first Monday of November, then according to the contention of appellant, three months thereafter, when the Union Naval Stores Company was required to pay the taxes, would expire on

the first Monday of February following, and the Naval Stores Company was too late when it attempted to pay the taxes in March.   This contention, however, loses sight of the provision that taxes shall be due and payable after the first Monday of November, as well as on that day: "All taxes shall be due and payable on *or after* the first Monday of November of each and every year."   Then, the taxes were due and payable on the first Monday of November and the next day, Tuesday, and Wednesday and the last Monday of November and the first Monday of December, January, February and March and during all the month of March, and the Union Naval Stores Company was in ample time in its proffer to pay the taxes during the month of March.

In Acosta v. Anderson, 56 Fla., 749, 48 South. Rep., 260, we took this view of a contract requiring the purchaser "to pay all taxes that may be legally levied or imposed" upon the land, saying of the contract, "It simply binds the complainant to pay the taxes that may *become due* each year," thereby holding that the word "become" was the equivalent of the word "be."

In the Acosta-Anderson case, considering the contention that the taxes were due and payable in November, 1905, and should have been paid before the advertisement of the land for non-payment of the taxes in April, 1906; this court said:   "We think the complainant could comply with the contract by paying the taxes on or before the time fixed by the tax collector in his notice of sale of the property for non-payment of the taxes."   It is true that in that case the contract did not fix a time for the payment of the taxes, but that fact makes no difference in the applicability of the doctrine of that case here, because the contract in the instant case fixes a time for the payment of the taxes at three months after the time when the

complainant could have paid them under the law without the benefit of the three months allowed by the contract for the payment of the taxes.

The decree is affirmed.

TAYLOR and HOCKER, J. J., concur.

WHITFIELD, C. J., concurs in the opinion.

SHACKLEFORD and COCKRELL, J. J., concur in the con-clusion.

WHITFIELD, C. J., concurring.

This sale of growing timber on land, with the right of possession to remove the timber extending over a period of years, upon condition that if the taxes on the land are not paid by the grantee within three months after the taxes shall become due and payable the interest conveyed shall revert to the grantor, is a conveyance of an interest in the land, and creates an estate upon condition subse-quent. The mere failure to perform the condition does not in equity at least *ipso facto* terminate the estate, but only entitles the grantor to re-enter; and if he does not re-enter the breach of the condition may be regarded as waived. The condition was imposed to insure the pay-ment of the taxes on the land as required by law, so as to avoid a burden to the grantor. The time of payment of the taxes is not made an essential element of the con-dition if the requirements of the law are satisfied and no burden is imposed upon the grantor. The mere voluntary payment of the taxes by a vendee of the land does not of itself accomplish a forfeiture of the rights acquired by the conveyance of the timber, particularly when the

36—Vol. 59

grantee of the timber rights offers to pay the taxes before the expiration of the time allowed by law for their voluntary payment.

COCKRELL, J.

While I might agree to an affirmance of the decree, I cannot concur with the construction placed upon the contract by Judge PARKHILL.

Texas "become" due and payable in this State on the first of November, but "continue" due and payable for several months thereafter. The word "become" connotes an entering into a new condition as opposed to a continuance in an existing condition. See the various dictionaries "*sub verbo*.". The condition subsequent is not a requirement for the payment of taxes within three months after they are or may be due and payable, but after they "become" due and payable, and to my mind that means by the first of February, even under the peculiar verbiage of our statute.

SHACKLEFORD, J., concurs in the above.