E. A. FORSSELL AND ANNIE F. FORSSELL, *Appellants*, v. A. T. CARTER *et al.*, *Appellees*.

Opinion Filed June 9, 1913.

1. In contracts for the sale of land time of performance may be made an essential feature of the contract.

2. In a contract for the sale of land where part of the purchase money was paid when the contract was made and where the contract contains a provision that time shall be an essential feature of the contract. but also contains a provision that the contract may be forfeited at the *option of the vendor* when the terms of payment are not observed in the time agreed on, in such a case the vendor must give reasonable notice to the vendee that he will insist on payment as provided in the contract and if he fails to do so before the date for payment he must fix a future time and give reasonable notice to the vendee in order that he may have an opportunity to comply. In this way alone can the vendor in such a contract make time an essential part of the contract.

3. Where a husband and wife join in the execution of a contract for the sale of land, and where the wife personally appears before an officer authorized to take an acknowledgment of the execution of the contract and the officer certifies that the wife upon an examination by him separate and apart from her husband acknowledged that she executed the agree-

ment freely and voluntarily and without any constraint, compulsion, apprehension or fear of or from her said husband, such an acknowledgment embraces whatever interest the wife may have in the lands.

Appealed from the Circuit Court for Dade County.

Decree affirmed.

*H. Pierce Branning,* for Appellants;

*Price & Railey,* for Appellees.

Hocker, J.—A. T. Carter, J. J. Holly and G. L. Sanders, suing for the benefit of A. T. Carter, on the 10th of April, 1912, filed their amended bill of complaint against E. A. Forssell and Annie F. Forssell, alleging that the latter executed and delivered to G. L. Sanders a contract for the sale of a lot of land in Dade County, Florida, for $175.00. Of this $75.00 was paid, leaving a balance of $100.00 to be paid on or before the 15th of June, 1911, with interest at 8% per annum, payable annually on the whole sum remaining from time to time unpaid; that on the 27th of December, 1910, Sanders for a valuable consideration assigned all the right, title and interest he had in the contract to John J. Holly; that on the 29th of May, 1911, Holly assigned said contract to A. T. Carter, who assumed to pay the balance due, and upon compliance became entitled to a deed. The bill then alleges "that on the 1st of July, 1911, Carter notified E. A. Forssell that he was ready to take a deed to the property and offered to pay the balance due on the said land contract; that at the said time the said payment was past due fifteen days, the matter having been overlooked by Carter; but up to said time

33—Vol. 65

no notice of cancellation had been given, neither had any notice been given to the said Carter, or to the said Holly, or to said Sanders; that the said $100.00 with interest thereon was due, and that said contract would be forfeited unless said money was paid within any designated time;" that at the time Carter tendered the money the contract was still in force, binding upon the heirs, executors and assigns of all the parties; that defendants refused and still refuse to deliver a deed to Carter, or to the other complainants for the use of Carter; that Carter's solicitors immediately notified Forssell they were ready to pay the balance due on said contract, and prepared a warranty deed, mailed same to Forssell, requested that he and his wife execute it, and send same to the First National Bank of Miami, at which place payment would be made of the balance due, and Forssell again refused to make the deed to Carter, and returned same unexecuted. Copies of the contract and the assignments of it are made part of the bill. The bill further alleges that at the time of the filing of the original bill complainants tendered in court the sum of $100.00 and the interest amounting to $10.25, and $2.72 taxes for 1911, which complainants were obligated to pay, but which defendant paid before the expiration of the time for paying them. Complainants also tendered $4.18 costs in the cause up to the time of filing the amended bill. The amended bill prays for an answer by defendant, but not under oath, and on final hearing that decree be entered for complainants, directing defendants to execute a warranty deed to Carter.

The contract, made a part of the bill, is as follows:

"ARTICLES OF AGREEMENT, made this 15th day of June in the year of our Lord one thousand nine hundred and ten, between E. A. Forssell and Annie F. Forssell,

his wife, of Dade County, Fla., parties of the first part, and G. L. Sanders, of Dade County, Fla., party of the second part:

WITNESSETH; That if the said party of the second part shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said parties of the first part hereby covenant and agree to convey and assure to the said party of the second part, in fee simple, clear of all incumbrances whatever, by a good and sufficient deed, the lot, piece or parcel of ground situated in the County of Dade, State of Florida, known and described as follows, to-wit:" (Here follows a description of the land.)

"And the said party of the second part hereby covenant and agree to pay to the said parties of the first part the sum of one hundred and seventy-five and no/100 dollars, in the manner following seventy-five dollars upon signing and delivery of these papers. One hundred dollars to be paid on or before June 15th, 1911, with interest at the rate of 8 per centum per annum, payable annually on the whole sum remaining from time to time unpaid; and to pay all taxes, assessments or impositions that may be legally levied or imposed upon said land subsequent to the year 1910. And in case of the failure of the said party of the second part to make either of the payments or any part thereof, or to perform any of the covenants on his part hereby made and entered into, this contract shall, at the option of the parties of the first part, be forfeited and terminated, and the party of the second part shall forfeit all payments made by him on this contract; and such payments shall be retained by the said parties of the first part in full satisfaction and in liquidation of all damages by them sustained, and said parties of the first part shall have

the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor.

IT IS MUTUALLY AGREED, by and between the parties hereto, that the time of payment shall be an essential part of this contract, and that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

IN WITNESS WHEREOF, The parties to these presents have hereunto set their hands and seals the day and year first above written.

E. A. Forsell      (Seal)
Annie F. Forssell (Seal)

Signed. sealed and delivered
in the presence of.

C. W. Hill
Mattie M. Hill.     } as to E. A. Forssell.

H. McCown
T. C. Hinton,       } as to Mrs. Annie F. Forssell.

State of Florida, Dade County."

The contract is acknowledged by Forssell and also by his wife on a separate examination.

There was a demurrer to the bill on several grounds; that there was no equity in the bill; that it was vague and indefinite; that complainants do not allege they produced the assignments of the contract to defendants and made demand for a deed; that the amended bill shows a default had been made by complainants; that it does not show diligence; that it does not show a legal tender of the money; that the bill shows complainants

failed for six months to tender the taxes, purchase money and costs, and to prove they were entitled to a conveyance.

This demurrer was overruled, and defendants allowed until Rule Day in July, 1912, to plead or answer.

The defendants answered admitting the contract, the payment of $75.00, but do not admit the assignments of the contract, and deny absolutely that Carter ever became the purchaser of the property, or has ever been entitled to a warranty deed thereof, or that on the 1st of July, 1911, Carter notified Forssell he was ready to take up the deed and offered to pay the balance, or that he made offer of settlement within fifteen days from the date mentioned in the contract. The defendants admit that no notice was given to Carter or to Holly of defendants' intention to declare a forfeiture under said contract; that defendants did not agree to give notice to the holder of the contract that the moneys obligated to be paid were due, and that they had no knowledge, constructive or otherwise, on the 1st of July that A. T. Carter had any interest whatever in the contract; that they were not under obligations to notify G. L. Sanders of the time that payment fell due. The answer then sets up the forfeiture cause of the contract, and denies that complainants, or anyone acting for them, have ever made a legal tender of the money due or to become due under the contract, and simultaneously requested a deed. The defendants deny the right of complainants to tender money through the First National Bank of Miami so as to bind defendants; that no proof has ever been tendered to show that A. T. Carter was a bona fide assignee of the contract. Defendants admit that A. T. Carter during the month of July wrote E. A. Forssell stating in said letter, "I hold a contract for ten acres of land

sold by you to Mr. G. L. Sanders. 1 was under the impression that it was due 15th of this month, but in looking over same this A. M. I find it was due 15th of last month. Please make out deed and send to either bank for collection and notify me of same. I am ready to take it up. I called on tax collector and found that you had paid same, $2.07. Please attend to it early as possible."

The answer admits defendants received a letter from complainants' attorney on August 2nd, 1911, stating that they were ready to pay Mr. Carter checks in settlement and in exchange for a deed. The answer denies that Mr. Carter ever so much as tendered a check or checks to them. The answer alleges that they refused to execute and return a deed to The First National Bank of Miami, because the complainants and Carter were in default under the contract; that the rights of the contract holder were forfeited June 15th, 1911, when complainants failed in making the payment due. The defendants allege there has never been any tender to them personally of the amount due under the contract, or the taxes, when complainants started suit, and in April, 1912, in the amended bill made tender in court. The defendants insist that time was made an essential part of the contract, and deny complainants are entitled to any relief.

Thereafter, on the 20th of January, 1913, counsel for complainants and defendants filed an agreed statement of facts, as follows:

"It is hereby agreed by and between Price & Railey, attorneys for complainant, and H. P. Branning, attorney for defendant, that the above styled and entitled cause shall be submitted for final hearing before the Hon. L. W. Bethel, Judge of the Eleventh Judicial Circuit of

Florida, upon the admitted facts as shown by amended bill and answer, and exhibits attached to original bill of complaint, and the correspondence between complainants and defendants, and between complainants' counsel and defendants, attached hereto, and the following statement of facts:

## STATEMENT OF FACTS.

It is admitted that $75.00 of purchase price for the property described in the land contract was paid at the time said contract was executed; that $100, the balance of purchase price, was due on the land contract attached to bill of complaint on the 15th day of June, 1911, with interest at eight per cent from June 15, 1910.

That on the 27th day of December, 1910, G. L. Sanders for a valuable consideration to him in hand paid executed and delivered the assignment of contract attached to complainants' bill of complaint to John J. Holly.

That on the 29th day of May, A. D. 1911, the said John J. Holly, who then and there signed his name as J. J. Holly, for a valuable consideration to him in hand, paid by A. T. Carter, executed and delivered the second assignment of said contract attached to complainants' bill of complaint, which said second assignment is written on the bottom of the first assignment attached to complainants' bill of complaint.

That the said A. T. Carter did not pay, or offer to pay, the balance of $100 with interest at the time it was due, but July 10, 1911, by his letter addressed to E. A. Forssell, original of which and envelope showing postmark we attach hereto, and offered to pay same as shown by said letter, and subsequently made other offers, as fur-

ther shown by letters of Price & Railey, attorneys for the said A. T. Carter, which said letters are also attached hereto and made a part of this agreement and statement of facts.

That no actual tender of cash was ever personally made to the said E. A. Forssell except profert in curio; that all the offers to pay the said E. A. Forssell the balance due under said contract prior to the filing of suit are those shown in the letters of A. T. Carter and Price & Railey, his attorneys, addressed to the said E. A. Forssell, which said letters are attached hereto and to which reference is hereby made.

That the complainants herein at the time they filed suit tendered into court the amount due defendants under contract, principal and interest, up to the date of filing of complainants' bill of complaint and by subsequent amended bill also tendered into court all costs of court accrued to the date of the filing of complainants' amended bill of complaint and $2.72 to cover the taxes for 1911, together with interest from the date of the payment of said taxes to the date of the payment into court of said sum of $2.72. That the said sum of $2.72 was sufficient to cover the taxes due on the property for the year 1911, together with interest from the time said taxes were paid by E. A. Forssell until said money was deposited in court.

That the moneys so deposited in court by the complainants as aforesaid for the use and benefit of defendants, as aforesaid, are still on deposit with the Hon. Z. T. Merritt, Clerk of the Circuit Court, in and for Dade County, Florida, and are held by him in trust pending the termination of complainants' cause of action.

It is further admitted that no notice of the several

assignments of the contract attached to complainants' bill of complaint was given to the defendants, or either of them, at the time such assignments were made, and not until August 2, 1911, by attorneys, Price & Railey; that no notice of the cancellation of the contract upon which complainants' action is based was ever given to G. L. Sanders, or to J. J. Holly at any time or to A. T. Carter prior to the time when he notified the defendants that he was ready to pay the balance due and take up the deed to the property described in complainants' bill of complaint and that no notice of cancellation whatsoever was given prior to the filing of complainants' bill of complaint further than that which is contained in the letters from E. A. Forssell in which he refused to make deed at the request of the complainant, A. T. Carter. (See copies attached.)

That the defendants have never made out, executed and tendered deed to complainants, or any of them, under the contract upon which complainants' bill of complaint is based.

That the complainant, A. T. Carter, by his attorneys, Price & Railey, did prior to the time of filing suit for specific performance upon said land contract prepare and send to the said E. A. Forssell a warranty deed for execution, and that Price & Railey had in their possession, as agents and attorneys for A. T. Carter at the time they forwarded deed, a sum of money sufficient to pay the balance due on said land contract to the said E. A. Forssell, and interest and taxes paid.

That the letters attached hereto, and made a part of this agreement and statement of facts, were duly mailed to and received within a reasonable time by the parties to whom they were addressed. That at the time the correspondence took place between A. T. Carter and

Price & Railey, as attorneys for A. T. Carter, with E. A. Forssell, the said E. A. Forssell was living on his grove about twenty-five miles south of Miami, Florida, and complainant A. T. Carter was a resident of Miami, Florida.

It is admitted that the deed prepared and submitted by attorneys for A. T. Carter was not prepared until August 19, 1911, and that defendants refused to execute said deed when submitted; that the land is wild land, no improvements at all.

(Signed) Price & Railey,
Attys. for Complainant.

(Signed) H. P. Branning,
For Defendants.

Miami, Fla., July 10, 1911.

Mr. E. A. Forssell,
Naranja, Fla.

Dear Sir:

I hold a contract for 10 acres of land sold by you to Mr. G. L. Sanders. I was under the impression that it was due 15th of this month, but in looking over same this A. M. I find it was due 15th of last month. Please make out deed and send to either bank for collection and notify me of same. I am ready to take it up. I called on tax collector and found that you had paid same— $2.07. Please attend to it early as possible. I am

Yours truly,
(Signed) A. T. Carter.

An envelope addressed Mr. E. A. Forssell, Naranja, Fla., post-marked Miami, Fla., July 10, 4 P. M., 1911; post-marked Naranja, Fla., July 11, P. M. 1911.

Naranja, Fla., July 14, 1911.

Mr. A. T. Carter,
        Miami, Fla.

Dear Sir:

Yours of the 10th to hand and contents noted.

The contract between me and Mr. G. L. Sanders expired some time ago. And if Mr. Sanders wishes to purchase the 10 acres referred to I will sell same for $25.00 per acre.

Respectfully yours,

(Signed) E. A. Forssell.


Mitchell D. Price,
Attorney at Law.

Miami, Fla., Aug. 2, 1911.

Mr. E. A. Forssell,
        Miami, Fla.

Dear Sir:

We have been employed by A. T. Carter to obtain for him a deed to the southwest ¼ of the southeast ¼ of the southeast ¼ of Section 3, Township 55 South of Range 40 East, containing 10 acres more or less.

Mr. Carter is now the owner of this contract, having purchased same from John J. Holly, who purchased same from G. L. Sanders. Mr. Carter has turned over to us the checks which he tendered you in settlement of the account, and we are ready to pay said to you an exchange for a deed. He showed us also a letter from you in which you refused to make a deed because the time mentioned in said contract has expired fifteen days. This question is no new one in the State of Florida and our Supreme Court has held that under a contract like the one which you have signed, that before you can claim a forfeit and cancel the contract you are required to give at least thirty days' notice to the party with whom

you made the contract to the effect that if the moneys are not paid within that time that the contract would be cancelled. Our Supreme Court has also decided that these contracts are assignable and that a suit can be maintained by one who has purchased the contract or the rights of the original purchaser. If you will consult your lawyer in reference to this case he will unquestionably advise you to make deed, especially if you refer him to the case of Sanford v. Cloud, reported in 17 Florida Reports, on page 549, where the Supreme Court says that a deed must be tendered before a contract is forfeited; also the case of Holbrook v. Betton, reported in 5 Florida, on page 99, which holds that a purchaser of land under an executory contract in possession of the premises has an interest in the land, which is subject to either sale or mortgage. Also if he will read the case of Acosta v. Anderson, reported in 48 Southern, on page 260, which holds that notice must be given before the contract can be cancelled, and also that the assignee of a lot contract has the right to maintain suit upon a contract of this character.

Your attorney, after reading these cases, will unquestionably advise you that you are not in a position to repudiate the rights of the purchasers of the property after they have paid you a part of the purchase money. If you are willing to make this deed, notify us, and we will prepare deed and you can either deliver same to us at our office or place same in the First National Bank, or in any other bank in Miami, to be delivered on receipt of balance due on the purchase price.

We are, Very truly yours,

Price & Railey,

By (Signed) Mitchell D. Price.

Naranja, Aug. 18, 1911.

Price & Railey,
    Miami, Fla.
Gentlemen:

On advise of my lawyer I refuse to accede to Mr. Carter's demand for a deed to the ten acres of land in dispute.

(Signed) E. A. Forssell.


Naranja, Fla., August 21, 1911.

Price & Railey,
    Miami, Fla.
Gentlemen:

I beg to refer you to my letter of the 18th, which, I think, you have purposely misquoted. It reads: 'I refuse to accede to Mr. Carter's demand for a deed to the ten acres of land in dispute.'

Respectfully yours,
    (Signed) E. A. Forssell.


Mitchell D. Price,
Attorney at Law.

Miami, Fla., August 19, 1911.

Mr. E. A. Forssell,
    Naranja, Fla.
Dear Mr. Forssell:

I notice from your letter that, upon the advice of counsel, you are ready to execute the deed conveying the property to Mr. A. T. Carter. The contract is in my possession and ready to be surrendered upon receipt of deed. The contract shows the assignment from Sanders to J. J. Holly and from J. J. Holly to A. T. Carter. I have recited these assignments in the deed. If you will kindly execute deed and send same to the First Na-

tional Bank of Miami, Florida, for delivery upon payment of the balance due under contract the same will be adjusted without delay and the contract showing the assignments surrendered. I am

Very truly yours,

(Signed)  Price & Railey.

Naranja, August 21, 1911.

I beg to refer you to my letter of the 18th, which, I think, you have purposely misquoted. It reads: 'I refuse to accede to Mr. Carter's demand for a deed to the ten acres of land in dispute.'

(Signed)  E. A. Forssell.

Mitchell D. Price.
Attorney at Law.

Miami, Florida, August 25, 1911.

Mr. E. A. Forssell,

Naranja, Florida.

Dear Sir:

I received your letter a few days ago returning the deed. I am sorry that the misunderstanding occurred. The second letter that you wrote me in regard to this matter in some way was mislaid. I opened the letter, glanced at it and laid it aside for future reference and was under the impression that the letter stated that you would make the deed or that your counsel had advised you to make deed. When I went to write you I was unable to locate this letter and acting under that impression mailed you the deed. I certainly would not have made the deed and mailed it to you had I been under the impression that you had declined to make same. Mr. Carter will insist upon his rights to a deed

and has instructed us to file suit to compel the execution of same.

We are,                    Very truly yours,
                                Price & Railey,
                    By (Signed) Mitchell D. Price."

A final decree in favor of complainants was entered on the 25th of January, 1913. By this decree E. A. Forssell and wife were ordered to execute within thirty days from date of entry of the decree a good and sufficient conveyance in fee simple to Carter of land in dispute; that the clerk of this court pay to defendants, as soon as they shall execute and deliver to him for the benefit of Carter a good and sufficient conveyance, all sums of money deposited with the clerk for the use of defendants except the costs of court; that in case of failure of defendants to execute and deliver said conveyance that this decree shall operate as a full, complete and absolute conveyance of the legal title to the land described in the bill, from defendants to Carter, his heirs and assigns in fee simple, and that complainants recover of E. A. Forssell all costs expended over and above the amount deposited in court as a tender to cover costs up to the date of filing the amended bill. From this decree an appeal was taken by the defendants.

A considerable part of appellants' brief is taken up with a discussion of the assignments of error based on the overruling of the demurrer to the original bill. The only difference we discover between the original and amended bills is in the amount tendered in court in the latter—this being slightly more than in the original bill. The agreed statements of facts shows the case was finally submitted to the trial court on the amended bill, to answer thereto, and the facts as therein stated. It is

unnecessary to examine the assignments based on the rulings on the demurrer to the original bill. We will notice such assignments based on the rulings upon the demurrer to the amended bill as are argued here. The fifth ground of demurrer to the amended bill is that it shows upon its face that default has been made under "the terms of said contract and that complainants were and are not in a position to demand specific performance." This attacks the whole equity of the bill. The whole case depends upon a proper construction of the contract between the parties which is made a part of the bill. It contains the following provisions after reciting the terms of payment: "And in case of the failure of the said party of the second part to make either of the payments or any part thereof, or to perform any of the covenants on his part hereby made and entered into, this contract shall, at the option of the parties of the first part be forfeited and terminated, and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said parties of the first part in full satisfaction and in liquidation of all damages by them sustained, and said parties shall have the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor." "It is mutually agreed by and between the parties hereto, that the time of payment shall be an essential part of this contract, and that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties." A number of cases are cited by appellants from our own and other courts to the effect that in a contract of sale time may be made of the essence of the contract. There is no question about this proposition;

but appellants do not cite a single case where in addition to time being an essential part of the contract, it is also provided that the contract may be forfeited at the *option of the vendor* when the terms of payment are not observed in the time agreed upon. In such a case as this we believe the law to be that the vendor must give reasonable notice to the vendee that he will insist on payment as provided in the contract, and if he fails to do so before the date for payment he must fix a future time and give reasonable notice to the vendee in order that he may have an opportunity to comply. In this way alone can the vendor make time an essential part of the contract.

In the case of Coles v. Shapard, 30 Minn. 446, 16 N. W. Rep. 153, it is said: "By the terms of a sealed contract for the sale and conveyance of land, the purchase price was to be paid in installments at stated times. The contract provided that 'upon the just and full payment of said sum (*i. e.*, the price) at the times above stated, time being made the essence of this contract, the party of the first part will, at her own expense, execute and deliver to the party of the second part a good and sufficient warranty deed .................................... and the said party of the second part agrees to make payment................ ............ promptly at the times above stated .................................... and, in case of a failure to make payments as aforesaid, at the option of first party this agreement may be declared null and void, and all payments thereon be declared null and void and forfeited.' *Held*, that the effect is to authorize the party of the first part to treat time as essential, by declaring the contract null and void, and not otherwise; and that such declaration must

be made to the party of the second part or her successor in interest, and that, until such declaration is made, the contract is not annulled, but in force."

In the case of O'Connor v. Hughes, 35 Minn. 446, 29 N. W. Rep. 152, there was a contract for the sale of land which prescribed definite times of payment of the purchase price, and contained terms which, standing alone, imported an agreement for strict performance, and that the times specified for payment should be deemed to be of the essence of the contract; but it further provided that, in case of any default in such strict performance, the vendor should *have the right to declare the contract null and void.* It was further agreed that all overdue payments should bear an increased rate of interest. *Held,* that the contract gave to the vendor the election to determine whether strict performance should be required; that, in the absence of a determination to require strict performance, and of reasonable notice of such election, the mere default of the vendee to make the specified payments would not operate to extinguish his equitable rights; and a subsequent declaration of forfeiture by the vendor, without notice and reasonable opportunity to make payment, was also ineffectual."

In the case of Armstrong v. Pearson, 5 Iowa, 317, it is held that where a contract of sale of real estate provides the vendor on the failure of the vendee to perform may consider the contract forfeited some notice must be given by the vendor to the vendee of the election to consider the contract void and reasonable time to comply with the contract. See also Basse v. Gallegger, 7 Wis. 442. These are the only cases we have been able to find which deal with the effect of the option re-

served by the vendor to require strict performance. We have found no case holding a doctrine contrary to that of these cases. The vendor in the instant case never, at any time, gave the vendee or those holding through him, any notice that he would require strict performance, nor reasonable time in which to perform. We therefore think the bill shows abundant equity, and this view of the case incidentally disposes of nearly all the grounds of demurrer to the amended bill, as for instance that the complainants made a proper tender, or produced the assignments of the original contract to the vendor, or that default had been made by the vendee. Though not raised by the demurrer the objection is raised here that the contract is not properly acknowledged by Mrs. Forssell, inasmuch as she says she executed it for the purposes therein expressed, and does not expressly say whether it was to convey dower or some other right. The acknowledgment is broad enough to cover whatever interest she had in the land. Walling v. Christian & Craft Grocery Co., 41 Fla. 479, 27 South. Rep. 46; Hart v. Sanderson's Admr., 18 Fla. 103, text 112. As to the contention that the complainants did not produce the assignments of the contract, they are unquestionably set up in the amended bill and that under the circumstances of this case is sufficient. Nor do we discover any such lack of diligence on the part of complainants as would bar relief to them; neither is there any presumption to be overcome by complainants, that defendants had no right or title to the land in question. There is no presumption that they contracted to sell what they did not own. Finally, we have examined every ground of demurrer to the amended bill, and do not think any of them is ten-

able.   The final decree, it seems to us, is sustained by the law and the facts, and is, therefore, affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHIT-FIELD, J. J., concur.