CITY OF WEST PALM BEACH, A MUNICIPAL CORPORATION Appellant, v. LAKESIDE CEMETERY ASSOCIATION, A CORPORATION, Appellee.

Opinion Filed March 10, 1914.

Time not being of the essence of a contract, and the vendee being in possession by consent of the vendor, mere delay in bringing

suit to compel a conveyance of the title or in paying the balance, will not bar relief, when the vendor has not sought to limit or rescind the contract.

Appealed from Circuit Court for Palm Beach County; J. Emmet Wolfe, Judge.

Order affirmed.

*H. L. Bussey,* for Appellant;

*M. D. Carmichael,* for Appellee.

COCKRELL, J.—Upon the payment of one-half the purchase price, the Cemetery Association was in 1902 let into possession of a tract of land by the city, under a contract of sale, whereby the city reserved the option to forfeit the contract or to re-enter upon the failure of the association to make future payments, or to pay taxes, assessments or impositions legally imposed upon the land. Although under the contract the balance of the purchase money was to be paid one year thereafter with six per cent. interest from date, the offer to pay with demand for the deed, was not made until ten years thereafter. To the bill for specific performance of the contract, a demurrer upon the ground of laches was interposed and overruled.

It is admitted that under the decision of this court in Forssell v. Carter, 65 Fla. 512, 62 South. Rep. 926, time was not of the essence of the contract. With this admission, the rule announced in Tate v. Pensacola, Gulf Land & Development Co., 37 Fla. 439, 20 South. Rep. 542, controls this case. We there said that if the vendee takes and retains possession of the premises with the vendor's consent, his mere delay in bringing the suit or

paying the purchase price will not prevent him from compelling a conveyance upon a subsequent payment or tender of the amount due, nor will his right to such relief be cut off until the vendor places a limit to the lapse of time by a demand for payment at or before a specified day and by a notice that the agreement will be rescinded unless the demand is complied with and the vendee makes default thereon.

If conditions have arisen making the performance of the contract inequitable by reason of the delay, this would be defensive matter to be set up by plea or answer.

The order is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.