## FERGUSON v. MYERS.

Circuit Court, Dade County.
March 12, 1947.

—●—

Locke E. Parker, Miami, for plaintiff.

J. M. McCaskill, Miami, for defendant.

CHARLES A. CARROLL, Circuit Judge.

This cause came on for final hearing before me on the bill of complaint and the answer thereto, the report of the testimony and findings of the special master and the defendant's exceptions to the report.

The contract entered into by the parties for the sale of the land gave the purchaser 30 days from the receipt of an abstract to complete payment, providing further—

> The seller is to furnish an abstract showing his title to be good and marketable and/or insurable, but in the event that the title shall not be found good and marketable, the seller agrees to use reasonable diligence to make the said title good and marketable, and shall have a reasonable time so to do, and if after reasonable diligence on his part said title shall not be made good and marketable within a reasonable time, the seller shall return the money this day paid and all moneys that may have been paid to him under this contract, and thereupon he shall be released from all obligations hereunder. Or, upon request of the purchaser, he shall deliver the title in its existing condition.

The principal conflict in the evidence pertains to the question whether, as contended on his behalf, the plaintiff made his oral report of objections to the broker within or not long after the 30 day period and the broker then submitted a memorandum of such objections to the defendant seller, or whether, as contended by the seller, no such report was made by plaintiff and the only report of objections was the one defendant received in June in the form of a commitment from a title company which it had furnished on a re-examination requested by a third party with whom the plaintiff had negotiated for a re-sale of the property at a profit.

While the evidence does not appear to be sufficient to support the positive finding of the master to the effect that the plaintiff submitted to the broker his objections to the title within 30 days from the date of the receipt of the abstract, such finding and his discussion thereof, indicate that the master who had the opportunity to observe as well as hear the witnesses has determined the fact to be that the plaintiff did report title objections to the broker who relayed the same to the defendant. The master's finding on that feature is accepted as being supported by the evidence, provided it is not restricted to the 30 day period, and is taken as a finding that the objections were asserted by the plaintiff either within the 30 day period or within a few weeks thereafter and were brought to the attention of the seller, and that the other objections, in the writing from the title insurance company which the seller received in June, were separate and in addition to similar earlier objections by the plaintiff.

It appears that there were certain valid objections to the title, consisting of liens for taxes reaching back to 1926, plus the fact that the contract was made by the defendant individually whereas she held title as executrix. The record shows that the seller intended to obtain an order from the county judge for the sale by her as executrix. *If seasonably made*, such objections would relieve the plaintiff of his obligation to perform further, until such title objections were removed.

Assuming that the objections to the title were not submitted until after the 30 day closing period had elapsed, the further question to be decided is whether the delay is such as to deprive the plaintiff, under the contract in question, of his remedy of specific performance. In the opinion of this court it is not. Even if the master had found that the only objections were those submitted as late as June, such delay would not preclude the relief, where time was not made the essence of the contract and where the defendant made no earlier demand for performance or notice of termination.

The testimony of the broker indicates that when defendant learned of the objections (meaning the objections made by plaintiff) she indicated the intention to clear them up and proceed. She contended that the tax situation had been straightened out and that the abstract was incorrect. That would still require a correction of the abstract, and the abstract would have had to include the probate court proceedings above mentioned which were to be taken. Closing would be deferred until after those things were done, and until the re-certified abstract was submitted, or the corrections otherwise approved.

When time was not of the essence, failure to submit the objections within the 30 days did not give the seller a positive right to renounce or forfeit the contract. Time may be *material* although it is not of the essence under the contract. Where time is material a delay of the length which could have occurred here on either basis discussed above would not preclude enforcement by the purchaser, unless the seller first took timely advantage of the delay in the plaintiff's performance, or unless there were circumstances attending the delay such as to cause material damage in some particular respect to the seller. No such circumstances appear in this case which would warrant rejection of the plaintiff's claim.

In Felt v. Morse (Fla.), 85 So. 656, at 657, it was announced that a delay in performance by the purchaser—such as occurred in this case—will not operate to terminate the purchaser's rights unless the seller gives notice and fixes an additional reasonable time for performance. The court, referring to the earlier case of Forssell v. Carter, said as follows:

> The case of Forssell v. Carter, 65 Fla. 512, 62 So. 926, involved the same principle. In that suit an assignee of a contract to purchase certain land brought suit to require performance of the contract by the owner of the land, who was a party to the contract. The contract contained a provision that the time of payment should be an essential part of the contract. In considering the question of the right of the owner to declare a forfeiture of the purchaser's right to purchase the property under the contract upon his failure to make payment therefore upon the date fixed in the contract, the court said: "In such a case as this we believe the law to be that the vendor must give reasonable notice to the vendee that he will insist on payment as provided in the contract; and if he fails to do so before the date for payment, he must fix a future time, and give reasonable notice to the vendee, in order that he may have an opportunity to comply. In this way alone can the vendor make time an essential part of the contract."

Whereupon it is hereby ordered that the defendant's exceptions be, and the same are overruled, and except as his findings are modified herein, the master's report is ratified and confirmed.

It is further ordered, adjudged and decreed that this court has jurisdiction of the parties hereto and of the subject matter hereof, and that the equities of the cause are with the plaintiff.

It does not follow, however, that this decree should order conveyance now in the manner recommended by the master. This is so, because it affirmatively appears that the objections to the title have not been removed, and under the contract the purchaser is still entitled to have an abstract presented to him showing a marketable title.

The status and duties of the parties under this contract are clear. The plaintiff purchaser should be considered not in default, but as having presented certain title objections which must be corrected before he is required to complete the purchase. The seller now has a reasonable time within which to cure the objections to the title, and in view of the nature of the objections and other circumstances it is considered that thirty days from this date is a reasonable time for such purpose. Following due notice and advice of the curing of such

objections the purchaser should then forthwith tender performance as required by said contract for the completion of said purchase, and it will then and thereupon be the duty of the defendant seller to make conveyance to the purchaser as provided for in the contract.

Whereupon, it is hereby further ordered that this court retain jurisdiction of this cause to make such further orders as may be proper or necessary to enforce the rights of the parties as herein determined and decreed, if such additional orders shall be necessary after the parties have taken the intervening steps relating to the transaction and leading up to the closing or completion of the sale as outlined above.

It is further ordered that for his services in taking the testimony and making a report to this court the special master is hereby allowed a fee of $100, and that the costs of this suit including the said master's fee shall be shared by the parties equally and paid by them accordingly.