ROBERT W. DICKSON v. THE RIDGE REALTY COMPANY.

194 So. 241
Division A
Opinion Filed February 20, 1940

*Harry P. Johnson,* for Appellant.

*W. M. Kennedy,* for Appellees.

THOMAS, J.—The suit in the chancery court was instituted by Robert W. Dickson, appellant here, against The Ridge Realty Company and New Sylvan Shores, Inc., appellees in this appeal, seeking specific performance. The basis of the litigation was a contract between appellant and

The Ridge Realty Company for the conveyance of four lots and the other appellee was made a party because of a transfer to it by the original vendor of a part of the property subsequent to the execution of the contract and a warranty deed making it effectual and while these instruments were on deposit with an escrow agent.

The parts of the bill of complaint admitted in the answer of the principal defendant were those containing statements about the contract wherein it agreed to sell the complainant the property for a certain amount in cash and the remainder in eight equal quarterly payments; the execution of a deed of conveyance which was deposited with the escrow holder; the payment of the first installment on the due date and of the second installment two months after it was due; and the sale by the vendor of two of the lots, more than three years after the vendee made his last payment, to the other defendant, New Sylvan Shores, Inc.

The Ridge Realty Company denied the averments that it had placed the complainant in possession which had continued since and that the vendee had paid taxes on the property. Denied also were charges that the vendor had never canceled the contract and that vendee had tendered the remainder of the purchase price in September, 1936 (six months after delivery and recordation of the deed to New Sylvan Shores, Inc.). Likewise refuted were the allegations that New Sylvan Shores, Inc., was not an innocent purchaser but to the contrary a copartner of the seller under an agreement whereby it "was to receive due credit for all lands sold under the unrecorded contracts * * *."

It was asserted by the defendant seller that it had given the complainant numerous opportunities to comply with the contract and had made many requests that it do so, all of which were rejected, whereupon the agreement

was canceled and the conveyance to New Sylvan Shores, Inc., executed.

The answer of New Sylvan Shores, Inc., was a general denial of the allegations in the bill of complaint.

Prayer was for conveyance to the complainant of the four lots mentioned in the agreement and the deed and, if the court determined that two of the lots were owned by New Sylvan Shores, Inc., as an innocent purchaser, that the value of these lots be credited upon the balance of the purchase price found to be due.

According to the record, no attacks were made upon the bill of the answers.

The version of the transaction given by the complainant and the witnesses who testified in his behalf substantiated in the main the transaction detailed in the bill of complaint. Both the contract and the warranty deed were executed and placed in the First National Bank at Mount Dora at the time the cash payment of $378.00 was made and complainant was placed in possession of the property. The residue of the purchase price, $752.00 was to be discharged in installments of $94.00 each, with accrued interest, quarterly beginning June 4, 1932. Two deferred payments were made, one on June fourth of that year and the other on September fifth, following. In September, 1936, complainant tendered to the escrow agent, the bank, the full amount computed by the bank's president to be due under the contract. This tender remained there for two months when it was discovered that a part of the property had been conveyed to New Sylvan Shores, Inc. The complainant disclaimed the receipt of any notice of cancellation. During his examination he identified three letters, referring to the sale, which were subsequently admitted as evidence for the defendant without objection. It is well to analyze them at this point.

One of them was addressed by complainant to one L. R. Heim, evidently a representative of The Ridge Realty Company, September 29, 1936, asking him to telegraph the president of the escrow bank instructing delivery of the instruments on deposit upon payment of $700.00 which was slightly less than the amount then due. In reply to this communication complainant was advised:

"Two years ago you came to me and asked if you still had any interest in these lots. I informed you at that time that The Ridge Realty Company did not want to have you lose the property, if you wanted it at that time, but that according to the terms of the sale, you had lost the property. I further informed you that if you would pay up the back installments at the time and furnish paid-up tax receipts, we would reinstate this account, but you failed to do this, and that is approximately two years ago. In the meantime, the property has been sold and it would be impossible for us to consider your offer."

The third letter was from Harry A. Clark, a prospective purchaser, to the bank enclosing a check for $700.00 with instructions to hold it until complainant delivered a warranty deed, tax receipts and abstract showing clear title to the lots which it was later learned had been conveyed to New Sylvan Shores, Inc.

This check of Harry A. Clark was, according to the banker's testimony, supplemented by one of complainant, the sum equalling the total amount shown to be due to fully discharge the balance of the purchase price. No objection was made to the form of the tender, by checks, because the president of the bank knew that there were sufficient funds on deposit to the credit of the respective drawers to pay them when presented.

After nearly three months elapsed, The Ridge Realty

Company ordered the bank not to deliver the deed advising that the grantor was exercising the right to cancel.

The evidence was that on the date of the unsuccessful attempt to procure the deed from the bank the two lots sold to New Sylvan Shores, Inc., were worth $1200 and the two remaining in the name of the grantor were valued at $800.

Three important features stand out after a perusal of the record: (1) There was no testimony to support the allegation that New Sylvan Shores, Inc., was not an innocent purchaser or that this grantee had any knowledge of the unrecorded contract and deed in escrow; (2) there was no notice of cancellation given to the buyer except that contained in the letter we have quoted, bearing date of October eighth, after the buyer had attempted to secure a deed by depositing the check of his purchaser and his own in an attempt to discharge his obligation and save two of the lots which he had agreed to buy, and (3) there was no attack upon the bill praying for relief in the alternative.

It was stipulated in the contract that the vendee should have immediate possession; that time was the essence of the agreement and that upon default for a period of thirty days in meeting any deferred payment the seller should "have the option to cancel and annul this contract, in which event all monies then paid by second party to first party shall be forfeited as liquidated damages."

This situation seems quite analogous to the one discussed in our opinion in Forssell v. Carter, 65 Fla. 412, 62 South. Rep. 926, where it was said that these two provisions being present in a contract, time could be made an essential ingredient only after the seller had given the buyer reasonable notice of his insistence on payment at a definite future time after the default.

This doctrine was further enunciated in Realty Securities

Corporation v. Johnson, 93 Fla. 46, 111 South. Rep. 532, and in Norris v. Eikenberry, 103 Fla. 104, 137 South. Rep. 128.

There is no semblance in this record of any effort on the part of defendant, The Ridge Realty Company, to follow such procedure. The letter referring to the loss by complainant of his interest because of the lapse of time was evidently inspired after his effort to close the transaction at the bank, with the partial aid, it is true, of money he was to receive upon a resale, came to the knowledge of the vendor's representative.

The fact that complainant was in default would not prevent his bringing this suit to compel a conveyance, in view of his possession of the premises, his deposit of checks to cover the amount due and the failure of the seller to exercise his option to declare the contract canceled. Parenthetically, no objection was made by the escrow holder to the form of the so-called tender by personal checks and none had been presented in this proceeding.

We are of the definite view that the seller without any notice to the buyer proceeded to ignore the contract and any rights the latter may have had under it simply because default had occurred and continued for a period of about four years. The former seems to have been roused to action when it was apparent that the latter was making an effort to salvage some of his investment although in the interim conveyance of a part of the property had been made to another.

Laches does not appear to have been urged and the defense will not be injected by us.

Inasmuch as the defendants found no fault with the bill and considering the testimony to be sufficient to sustain its allegations except as to the lack of innocence on the

part of the defendant New Sylvan Shores, Inc., we feel that the alternative prayer should have been granted.

It is our order that the decree, so far as it dismissed the bill against Sylvan Shores, Inc., be affirmed and that as to The Ridge Realty Company it be reversed with directions to enter one against that defendant in accordance with the alternative prayer of the bill.

Reversed in part, affirmed in part.

So ordered.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.