**NEVA RICHARDS, unmarried, v. T. D. HASTY**

28 So. (2nd) 876

January Term, 1947

January 31, 1947

Division A

*Caraballo & Graham,* for appellant.

*J. W. B. Shaw,* for appellee.

FABISIŃSKI, Associate Justice:

This case is before us on appeal from an order dismissing a bill of complaint seeking annulment of a defaulted contract providing for the sale of real property, payment for which was to be made in deferred monthly installments.

Appellant alleged that appellee was always late with the monthly installments, and that finally appellee defaulted in the payment of three consecutive installments, whereupon appellant "exercised her option as provided in said agreement and had declared the termination of the contract . . . and so notified defendant" and had demanded possession.

The agreement contained the following clause: "And in case of failure of the party of the second part to make either of the payments or any part thereof, or otherwise comply with the terms of this agreement, or to perform any of the covenants on his part made and entered into for the space of thirty days, this contract shall, at the option of the party of the first part, be terminated and all payments made hereunder shall be considered as rentals and retained by the party of the first part as such in full satisfaction thereof, and that the party of the first part shall have the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor. It is mutually agreed by and between the parties hereto that the time of payment shall be an essential part of this contract, and that such time is of the essence thereof.'"

The chancellor, relying on the decisions of this court in Forssell v. Carter, 65 Fla. 512, 62 So. 926; Realty Securities Corporation v. Johnson, 93 Fla. 46, 111 So. 532; and Dickson v. Ridge Realty Company, 141 Fla. 807, 194 So. 241, sustained a motion to dismiss the bill because it failed to contain an allegation that the seller had given reasonable notice of his insistence on payment at a definite future date, as distinguished from notice of a consummated termination of the contract under the forfeiture clause.

Without question, the chancellor had an apparently sound basis for his decision, not only in the cases which he cited, but also in other expressions of this Court; nevertheless the decisions must be read in the light of the factual situation presented in those cases, and it will be found that expressions of the Court regarding the question here presented are far from uniform, although, as applied to the facts of the particular case then before the Court, they were correct enunciations of the law. In none of the cases decided by this Court is it specifically held that notice to the purchaser that the seller elects to declare a forfeiture is an insufficient basis for a bill of complaint to cancel the contract and to remove the cloud on the title resulting from the recordation thereof. On the contrary, several cases hold that a bill lies for this purpose, if the seller offers to do equity, as was offered in the case now before us.

In Barnett v. Dollison, 125 Fla. 254, 169 So. 665, the Court said in part:

"The original purchase and sale agreement having been recorded by the defendant, became and is a cloud on the complainant's title, and while, as heretofore pointed out, the amended bill is not sufficient as a basis for foreclosure, it is sufficient in its allegations to give the court jurisdiction to decree a forfeiture and cancellation of the original agreement and of the option agreement upon such terms and conditions as might be required in equity and good conscience applying thereto the legal principles enunciated in the case of Taylor v. Rawlins, 86 Fla. 279, 97 So. 714, 35 A.L.R. 271; Id., 90 Fla. 621, 106 So. 424."

In this case there is no indication that notice of any kind was given prior to bringing suit.

In the case of Norris v. Eikenberry, 103 Fla. 104, 137 So. 128, the Court said:

"But it has been suggested that under the rule stated in Forssell v. Carter, 65 Fla. 512, 62 So. 926, and Realty Securities Corporation v. Johnson, 93 Fla. 46, 111 So. 532, to the effect that where a contract for the sale of land contains a provision that the contract may be forfeited *at the option of the vendor,* when the terms of payment are not observed in the time agreed on, the vendor must give reasonable notice to the vendee of his intention to insist on payment as provided in the contract *or to declare a forfeiture,* (Italics ours) and since the bill does not allege that the required notice was given, there is nothing here to show that the option to declare a forfeiture was duly exercised." . . .

"So, in the exercise by the vendor of an option to forfeit or terminate a contract for the sale of real estate, there must be a decision to that effect on the part of the optionee, and a communication of such decision to the vendee. The complainant having alleged in the past tense that he had exercised his option to declare the contract forfeited, the allegations mean not merely that he had decided in his own mind to hold the vendee to a forfeiture of the contract, but that he had also given to the vendee notice of such intention. It is our opinion, and we so hold, that, construing the pleading most strongly against the pleader, when complainants alleged that they 'have exercised their option to declare said contract forfeited as provided in said written agreement,' the language is broad enough to cover both the intention of the vendor to declare a forfeiture and a communication of that intention to the vendee."

It will be noted that the words we have italicized (second italicized clause) were not used in the decisions referred to in the quoted opinions, and indicate a judicial interpretation of such former opinions as meaning that the seller may give notice either of his option to declare a forfeiture *or* of his insistence on prompt payment in the future, depending on his intentions.

The court has made a distinction between contracts which merely reserve an option on the part of the seller to declare a forfeiture, and those contracts which make a default operate ipso facto as a forfeiture upon default, and has required notice to be given in the former class of cases, intimating that no notice is required in the latter category.

It is apparent from the bill in the instant case that appellant is not willing to forgive the default in payment, and is desirous of establishing his right to a forfeiture, and that the notice given by him is for that purpose, and not for the purpose of reinstating the contract by insistence upon, and payment of, delinquent installments. It by no means follows that he is entitled to such relief. Nevertheless by the terms of his agreement he is entitled to be heard upon his asserted right, having offered to do equity. A case may readily be imagined in which a vendee, by persistent defaults in payment, and consequent annoyance to the vendor, may become so obnoxious as to justify a forfeiture for the defaults in payment. On the other hand, as is suggested in the case of Realty Securities Corporation v. Johnson, supra, the vendee may excuse his default to the satisfaction of the chancellor, and be permitted to make good the defaults and reinstate the contract.

We have elaborated to this extent on the question here involved, so as to remove, as far as possible, any confusion which may result from the various expressions of the Court in its former decisions. To summarize our conclusions, where a contract of this nature reserves to the vendor the *option* to declare a forfeiture, he must communicate his intention to the vendee. If he desires to insist upon the prompt payment of deferred installments as to which there has been a default, he must give notice to the vendee of his intention to require the payment of any amount in default, fixing a future definite day for payment and informing him that if he fails to make payment on or before the day so fixed for payment, the contract will be forfeited. If he desires to declare a present forfeiture because of existing defaults in payment, he must communicate to the vendee his determination to exercise his option to forfeit upon that ground. We

think this is the effect of the decision in the case of Realty Securities Corporation v. Johnson, supra, and other decisions upon this question.

The allegations of the bill as to the exercise of the option to declare a forfeiture, and notice thereof to the vendee, are much stronger in the case before us than were the allegations in the bill considered in Norris v. Eikenberry, supra, and the decree of the Court below is reversed upon the authority of that case.

Reversed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.