CHARLES A. SAVAGE and WALLACE E. STURGIS, v. JACK HORNE, et al.

31 So. (2nd) 477                                June Term, 1947
July 18, 1947                                   Special Division A

302

*James M. Smith, Jr.* and *Sam Bucklew,* for appellants.
*Greene & Ayres,* for appellees.

CHAPMAN, J.:

On March 31, 1943, Jack Horne, joined by his wife Celeste Horne, signed an agreement to sell L. F. Lang 1,340 acres of land situated in Marion County, Florida, for the sum of $16,-750. The sum of $1,000.00 was paid when the contract was signed and the purchaser paid on April 15, 1943, under the contract the further sum of $5,000.00, when the seller placed the purchaser in possession of the property. The contract then made it the duty of the seller to furnish the purchaser with an abstract of title showing a merchantable title to the land.

Additional pertinent provisions of the contract are viz:

"After payment of the sum of Five Thousand Dollars ($5,-000.00) hereinabove provided for on or before April 15, 1943, the Purchaser shall be placed in actual possession of said lands. Promptly after receipt of said Five Thousand Dollars ($5,000.00) the Seller will place his order with The Florida Title and Abstract Company for complete abstracts of title covering said lands, certified to date and deliver them to the Purchaser as soon as possible thereafter. The Purchaser shall have forty-five (45) days after the delivery of said abstract for examination thereof and if he accepts the title the Seller shall thereupon execute or procure the execution and delivery of good and sufficient warranty deed or deeds conveying said lands to the Purchaser free and clear of all encumbrances except taxes for 1943, which will be apportioned as of April 15, 1943. At the same time the Purchaser will execute and deliver his purchase money mortgage and note or notes as aforesaid. If the purchaser, on examination of said abstracts, finds the record title as therein shown to be not merchantable, in whole or in part, he shall within the forty-five (45) days allowed for examination of said abstracts furnish to the Seller a written statement of any defects claimed to render the same unmerchantable, and the Seller shall have a reasonable time thereafter in which to correct or eliminate such defects, failing which, the Purchaser may cause such defects to be corrected or eliminated, if possible, within a reasonable time thereafter, the actual expense of which, not to exceed $500.00, shall be paid by the Seller, or, failing the clearing of such defects, as aforesaid, at his option the Purchaser may

accept conveyance subject to such defects, without diminution of the price by reason thereof, or, at his option, may rescind this agreement, and, upon return to him by the Seller of all sums paid by the Purchaser hereunder, shall return to the Seller all abstracts received by him hereunder and surrender possession of said lands and personal property to the Seller, whereupon all rights and liabilities of the parties hereunder shall cease.

"This agreement shall bind and inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors and assigns.

This purchaser's and seller's agreement was considered by us in Lang v. Horne, 156 Fla. 605, 23 So. (2nd) 848. Lang brought a suit in equity for a rescission of the aforesaid purchaser's agreement because of the failure of the seller to deliver to the purchaser abstracts of title to the real estate within the time set out in the contract of purchase. The lower court sustained a motion to dismiss Lang's bill of complaint and on appeal here the order was affirmed. Lang assigned and transferred the aforesaid contract of purchase to Charles A. Savage and Wallace E. Sturgis and shortly after the going down of our mandate, another suit in equity was filed under this purchase agreement against the Hornes and others incidentally interested.

The bill of complaint alleged that Lang, pursuant to the contract, went into possession of the land after paying the aditional sum of $5,000.00 on April 15, 1943, and immediately made permanent improvements thereon at a cost of $1,815.19. Pursuant to the contract of purchase he paid the 1943 taxes in the sum of $227.04. The plaintiffs tendered to the seller on December 22, 1945, the sum of $7,054.91, the balance due on the purchaser agreement existing between the parties. A supplementary tender of the balance due was made on December 25, 1945. The two tenders of the balance due were in writing, addressed to Mr. and Mrs. Jack Horne and the Commercial Bank & Trust Company of Ocala, Florida. "Duplicates of said letter were delivered to the bank and to Mr. Frank R. Green, who was present in his relation as attorney for Mr. and Mrs. Jack Horne." Copies of the two letters are

attached to the bill of complaint, signed by the plaintiffs, and identified as plaintiffs' Exhibits "D" and "E" and by appropriate allegations made a part of the bill of complaint.

The bill of complaint alleged that Jack Horne and wife, Celeste Horne, acting through their attorney, Frank R. Greene, on January 4, 1946, repudiated the purchase price agreement, *supra,* and rejected the tender of payment set out in Exhibits "D" and "E," supra, of the balance due under the terms of the purchase agreement made by the plaintiffs below. The plaintiffs were then and there advised, it is alleged that the seller Horne had taken possession of the land and had not since taking possession made any offer whatsoever to refund to the plaintiffs any part of the purchase money or other sums of money expended by plaintiffs and their predecessor in interest under said agreement dated March 31, 1943. The acts and doings of the Hornes are contrary to the terms, conditions and provisions of the purchase agreement ensuing between them.

Paragraph 9 of the bill charges that the aforesaid acts of the Hornes were and remain in violation of the purchaser and seller agreement, *supra,* and constitute a breach thereof on the part of the defendants, and an abandonment of, and offer to rescind said contract of purchase, which abandonment is recognized by the plaintiffs, and the offer on the part of the defendants to rescind is accepted by the plaintiffs. Plaintiffs are entitled to have an accounting from the defendants and a refund of all sums of money paid by plaintiffs and their predecessor to the defendants under the agreement to purchase dated March 31, 1943, inclusive of all sums of money paid out and expended for taxes and permanent improvements placed upon the property when in the lawful possession thereof.

Plaintiffs offer in their bill of complaint to do equity, and to abide by and comply with any decree of the Court that may be entered in the premises and pray specifically (a) that the contract of purchaser obtained by transfer and assignment by an appropriate order be rescinded and held as naught; (b) that an accounting be had under the direction of the court and they be permitted or allowed enumerated

items referred to from 1 to 6 flowing from the signing of the contract and part performance thereunder; (c) that the amount found due be decreed due and payable on a day certain; (d) that the property described in the contract be decreed to be subject to a lien for the sum or sums found to be due the plaintiffs and upon failure to pay said sum due that the lands be sold at public outcry and the proceeds applied to the amount found to be due the plaintiffs; (e) that the court retain jurisdiction of the cause and parties to render such orders and decrees as may be necessary according to law and equity.

The defendants moved the Chancellor below to dismiss the bill of complaint on grounds (1) the bill is without equity; (2) the bill of complaint shows an abandonment on the part of Lang and a waiver thereof by the defendant is not shown; (3) there is no showing of any right in the plaintiffs to demand performance of the contract; (4) the bill of complaint shows an abandonment of the contract by plaintiff's assignor nearly two years prior to the filing of this suit; (5) the bill of complaint discloses a breach of contract and an abandonment thereof for more than a year prior to plaintiff's tender; (6) the plaintiffs are bound by our holding in Lang v. Horne, *supra;* (7) there is no equitable basis for rescission alleged; (8) the allegations of tender by plaintiffs are legally insufficient; (a) plaintiffs' assignor abandoned the contract; (b) plaintiffs' assignor was in default and the full amount of the tender is not alleged; (c) the tender as alleged is legally insufficient; (d) plaintiffs' assignor breached and abandoned the contract and plaintiffs are bound thereby; (9) the bill of complaint fails to allege equitable grounds for rescission; (10) defendants' alleged breach of the contract is a conclusion of the pleader; (11) certain letters referred to in paragraph 9 of the bill of complaint are insufficiently set forth; (12) the defendant's reasons for rejecting plaintiffs' tender are not accurately alleged; (13) the bill of complaint contains no offer by plaintiffs to do equity; (14) plaintiffs' assignor willfully breached and abandoned the contract and sufficient facts for equitable relief are not shown. The trial court granted the motion to dismiss and plaintiffs appealed.

Counsel for the respective parties in their briefs filed in the cause and in able oral argument heard at the bar of this Court, pose for adjudication here several questions stemming from the record which they think or believe to be controlling, but from a careful study of the record and an analysis of the applicable authorities, it is the view of the writer, that an answer by this Court to the following question should place at rest many of the contentions of counsel. One of the grounds of the motion to dismiss is that the bill of complaint is without equity and therefore the determinative question for adjudication here is whether or not the bill of complaint contains equity. It is fundamental that courts are powerless to rewrite contracts or interfere with the freedom of contracts or substitute their judgment for that of the parties to the contract in order to relieve one of the parties from the apparent hardships of an improvement bargain. Windham v. Windham, 152 Fla. 362, 11 So. (2nd) 797.

Appellees' counsel emphasize the contention that the record certified here affirmatively shows an abandonment of the contract by plaintiffs' assignor. Paragraph two of the bill of complaint now before us alleges the payment to the appellees by the plaintiffs' assignor the total sum of $8.200.00 on the total purchase price of $16,750.00 between the 31st day of March, 1943, and the 1st day of March, 1944. Paragraph six alleges that plaintiffs' assignor, on March 27, 1944, filed in the Circuit Court of Marion County, Florida, a suit for rescission of the contract and a return to him of the money paid the appellees. The cause was appealed to the Supreme Court of Florida and our mandate thereon issued on December 17, 1945. Prior to the issuance of the mandate plaintiff Lang, through counsel, informed Jack Horne and wife that Lang was ready, able and willing to comply with the agreement dated March 31, 1943, and to make all payments necessary to make the contract current. In other words, the monthly installments due under the contract were suspended during the litigation between the parties. It is not argued that these original plaintiffs have abandoned the contract. The authorities recognize a distinction between defaults in payments of monthly installments provided for in a contract and the abandonment of the

contract by a party thereto. We have re-examined our ruling in Realty Securities Corp. v. Johnson, 93 Fla. 46, 111 So. 532, on the question of abandonment as contended for by counsel for the appellees. Language at text page 63 (93 Fla.) is viz: "The vendee abandoned the contract, which he knew contained a forfeiture clause, and left for parts unknown without leaving any address, so that notice could be given, and without making any provision for carrying out his part of the contract. Then a year or so after the attempt to give him notice, he returns, and for some reason, possibly an increase in the market value of the land, resists the suit to remove the cloud of the recorded contract." We find nothing in the record to sustain the contention of abandonment by plaintiffs' assignor.

Provisions were not made by the parties and set forth for cancellation, rescission, forfeiture or termination of their agreement dated March 31, 1943, but several thousand dollars were paid, it is alleged, to the sellers by the purchaser and the latter placed in possession of the land. It does appear that under our adjudications the legal duty of the vendors in the case at bar is to bring to the attention of the vendee or his assignors, by an appropriate written notice, an election to terminate the purchase contract existing between them. Acosta v. Anderson, 56 Fla. 749, 48 So. 260; Forssell v. Carter, 65 Fla. 512, 62 So. 926; Realty Securities Corp. v. Johnson, supra; Norris v. Eikenberry, 103 Fla. 104, 137 So. 128; Richard v. Hasty, 158 Fla. 459, 28 So. (2nd) 876.

The several allegations of the bill of complaint on motion to dismiss for the want of equity must by this Court, under our adjudications, be recognized and considered as true and correct in point of fact. The allegations are viz: (a) the repudiation by the sellers (defendants) of their contract or agreement to convey; (b) the refusal on the part of the sellers to make a deed pursuant to thir agreement; (c) the tender on the part of purchasers' assignor to the sellers the balance due under the purchase agreement which was made shortly prior to filing this suit; (d) the retention by the sellers of some $8200.00 paid by the purchasers under the terms of the contract; (e) the abandonment of the contract by the sellers and

a repudiation thereof; (f) the refusal shortly prior to the filing of the suit by the sellers to the purchasers to carry out the terms, conditions and provisions of the purchase agreement in law and equity is equivalent to a cancellation or a rescission of the agreement between the parties; (g) it is inequitable for the sellers, under the terms of the contract of purchase, to retain the sum of $8200.00 paid them and simultaneously assert the ownership of the land and the right of its possession.

The case of International Realty Associates, Inc., v. McAdoo, 87 Fla. 1, 99 So. 117, involved the cancellation of a written contract for the sale of real estate. The bill prayed for: (1) a cancellation or rescission of the contract; (2) the entry of an equitable lien on the land described; (3) an accounting between the parties. The record reflects nothing more than a breach of the contract in that they refused or declined to execute certain deeds. The power of the court to decree a cancellation or rescission of a sellers and purchasers contract was reaffirmed but limited this power not solely for the breach of a contract in the *absence of fraud,* mistake, undue influence, multiplicity of suits, clouds on title, trust or some other independent ground for equitable interference. If a breach of the contract is established on the part of the sellers, coupled further with the sellers' inequitable conduct which may be equivalent to fraud, mistake, undue influence, multiplicity of suits, cloud on title or some other independent ground of equity, then the bill praying for cancellation or rescission and an accounting incidental thereto may be sustained. Willis v. Fowler, 102 Fla. 35, 136 So. 358; Smith v. Home Seekers Realty Co., 97 Fla. 236, 122 So. 708; 67 A.L.R. 807; Hinzelin v. Bailly, 155 Fla. 837, 22 So. (2nd) 43.

It is alleged that the sellers (defendants) not only breached their contract but abandoned and repudiated it entirely; that they now refuse to be bound by the terms, conditions and provisions thereof; that they refused or declined to perform it in whole or in part, and simultaneously claim as their property $8200.00 paid to them by plaintiffs' assigor under the contract or purchase. The sellers have unlawfully repossessed the land described in the contract after delivering

the possession thereof to the purchasers on April 15, 1943. Plaintiffs and their assignors are not in default on the contract. It is inequitable for the sellers to retain both the land and the $8200.00 paid under the terms of the contract for the land. It is for these reasons that a rescission or cancellation of the sellers and purchasers contract should be decreed and an accounting had for moneys paid and unlawfully retained by the sellers defendant.

Back on Rescission and Cancellation, Vol. 1 (2nd Ed.) Paragraph 202, states the rule thusly:

"When one of the parties to a contract unjustifiably refuses to perform his agreement as a whole, or any substantial part of it, this gives the other party the option to rescind the entire contract, provided he offers to do so within a reasonable time, and will restore what he has received, and provided that the situation of the parties remains so far unchanged that they can be restored to their first position. Thus, in contracts for the sale of goods, if one who has sold a commodity to another repudiates his obligation to deliver, the other party may act upon such refusal and rescind the contract. . . .

"The same principles apply to contracts for the sale of real property. Where a vendor is ready, able, and willing to fulfill the contract on his part, and tenders performance, but the vendee refuses to buy, the vendor may rescind the contract, and may, if he chooses, then sell the land to another person without incurring any responsibility. This rule was applied in a case where the vendees refused to take the property because one of the proposed grantees in the deed was dead, and because they said that the deed was 'not right,' but without pointing out any defects. . . . Conversely, the consideration for a contract for the sale of land, in the vendees favor, is the title to be conveyed upon performance, and if the vendor refuses to convey after full performance or offer to perform, the consideration for the contract wholly fails and there is ground for rescission by the vendee. . . .

"To warrant a rescission on this ground, the refusal to perform must be distinct, unequivocal, and absolute, and must be acted upon as such by the party to whom the broken

promise was made  A mere suggestion that performance of the contract should be delayed to a future time is not a repudiation of its obligations nor ground for recission, . . . "

Presented to us is the question of the legal sufficiency of the allegations of plaintiffs' bill of complaint as raised by the defendants' motion to dismiss.  On the surface of the bill now. before us a different case is presented than the one considered by us in Lang v. Horne, supra.  However, a different point of view may exist when the answer of the defendants to the bill of complaint now before us is filed and the issues made thereby are weighed and duly considered.  It is our conclusion that the bill of complaint contains equity and the Court below erred in its order sustaining the motion and dismissing the cause.

Inasmuch as it appears that the vendors have taken possession of the property and the value of the lumber cut from it may be readily ascertained and credit therefor given the vendors, the holding in this case is not, we think, inconsistent with the former decision.

The order appealed from is hereby reversed with directions to the Chancellor below to enter an order overruling defendants' motion to dismiss the bill of complaint and by appropriate order fix the time in which the defendants are required to answer the bill of complaint.

It is so ordered.

THOMAS, C. J., TERRELL, J., and ROSS WILLIAMS, Associate Justice, concur.