251 So.2d 707 (1971)
Harry S. LANCE and Lois Lance, His Wife, Appellants,
v.
Dr. Carlos MARTINEZ-ARANGO et Ux., Appellees.
No. 70-1184.
District Court of Appeal of Florida, Third District.
August 17, 1971.
Rehearing Denied September 15, 1971.
*708 Helliwell, Melrose & DeWolf and William E. Sadowski, Miami, for appellants.
Cristol, Rose & Aldrich, and Howard A. Rose, Miami, for appellees.
Before SWANN, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellants-defendants, the Lances ("Sellers") seek review of a final summary judgment entered after a hearing and pursuant to a set of stipulated facts which judgment ordered specific performance of a signed, written contract to sell the realty of the Sellers in favor of appellees-plaintiffs the Martinez-Arangos ("Buyers"). The primary issue on appeal is whether the delay in accepting the counter-offer was an unreasonable length of time.
According to the judgment, the stipuulated facts are that the buyers signed a deposit receipt and placed an initial $500.00 deposit with the broker on May 26, 1969. The broker transmitted the offer by way of the deposit receipt to the sellers who did not accept the offer, but made the deposit receipt a counter-offer by changing the purchase price in the original offer and initialing the change on May 28, 1969. The deposit receipt provided that the deposit was to be made on acceptance. The broker returned the deposit receipt as changed and initialled to the buyers who accepted the counter-offer and initialled the changed price on June 2, 1969. The buyers deposited the $3,050.00 balance of the escrow deposit with the broker on June 9, 1969. The sellers did not at any time give notice to the buyers to comply and set time for compliance to place the balance of the $3,050.00 escrow deposit with the broker.
The trial court found that the delay of seven days from the acceptance of the counter-offer by the buyers to the delivery of the balance of the escrow deposit to the broker is not an unreasonable delay which would support a forfeiture of the buyers' rights under the contract which came into *709 being with the acceptance of the counter-offer by the buyers on June 2, 1969. The trial court further found that in order to terminate a contract for non-performance by a purchaser, even where a "time is of the essence" clause is in the contract, as it was in this case, the seller must give reasonable notice to comply to the buyer and give a reasonable time within which to comply with the notice. The court concluded that the delay of seven days in placing the deposit with the broker caused no harm to the sellers, as was shown by the record.
The law is well settled that where an offer or counter-offer is made, it must be accepted within a reasonable time. In the United States, the law is virtually uniform that a revocation requires communication and that an acceptance prior to a communicated revocation constitutes a binding contract. 1 Williston, Contracts (3rd ed., 1957) § 56, p. 180 n. 1. Invoking a forfeiture provision in a contract similarly requires a communication where an equitable remedy is sought; see: Realty Securities Corp. v. Johnson, 93 Fla. 46, 111 So. 532 (1927); National Exhibition Company v. Ball, Fla.App. 1962, 139 So.2d 489, 492-493.
A seven day delay in placing in escrow the remainder of the deposit (pursuant to a written agreement for the sale of realty, in which a "time is of the essence" clause was present) may be reasonable as a matter of law. 1 Williston, Contracts (3rd ed., 1957) § 54, pp. 172-176, esp. p. 173 n. 18.
Therefore, under the circumstances of this case, which proceeded upon a stipulated set of facts and in which the trial court was to resolve the issues involved, we conclude that the trial court did not err in entering the summary final judgment appealed.
Affirmed.