McDONALD, PARKER LEE, Associate Judge.'
This is an appeal from a final judgment ordering specific performance in a land transaction.
Appellee McClain, individually and as Trustee, had procured certain properties in Pasco County. These properties were sold to the appellants. Along with the sale the parties agreed that the purchasers (appellants) could demand that the sellers (appel-lees) repurchase said properties. If demand was made, appellee McClain was required to pay $50,000 in ten days, pay a balance of approximately $332,000 in an additional 170 days, and assume a first mortgage. Should McClain fail to comply with the demand to repurchase, a $350,000 third mortgage he held as a result of the sale from McClain to appellants would be forfeited.
Demand was made to McClain. He paid the $50,000 on time. There was some intervening dialogue between the parties. McClain then interested and assigned his rights in the contract to appellee, WWW, LTD. Approximately three days after the 170-day period to pay the balance due had run, McClain notified the appellants of the assignment to WWW, LTD. and forwarded a check to the attorney for appellants. The check was technically deficient in that the words were for Three Hundred Thirty Two Dollars (the numerals stated $332,-000.00) and not Three Hundred Thirty Two Thousand Dollars. The appellant returned the check and declined to conclude the buy-back demand, contending primarily that performance was not timely and that valid tender was not made.
The record discloses that the appel-lees had substantially performed their requirements to repurchase or were ready, *486 willing and able to do so. The tendered check deficiency was a scrivener’s error and would be corrected. Under the particular facts of this case time was not of the essence to the extent that a three day overage in the attempted completion forfeited the appellee’s rights. Lance v. Martinez-Arango, Fla.App., 251 So.2d 707. In addition, the record reflects that the judgment is equitably just.
As stated in Haimovitz v. Robb, 1938, 130 Fla. 844, 178 So. 827, the test is “was the evidence sufficient to support the decree?” It was, and the judgment is
Affirmed.
MANN, C. J., and BOARDMAN, J., concur.