DREW, JUSTICE E. HARRIS (Ret.), Associate Judge.
If, as argued by appellant, the trial court ruled that a contract for the sale of realty must be signed by all persons with an ownership interest in the realty, a reversal of such judgment would be required.[1] But the record before us does not justify that conclusion. It is true, as pointed out in appellant’s brief, that on several occasions during the trial of this case the judge made statements indicating he thought all persons with an ownership interest in realty must sign a contract for its sale. For instance at one point he said, “If the title to the property is in two names, you have to have two signatures,” and again “. it’s not a binding contract of sale because all the parties with ownership interest in the property, did not execute the contract.” In the judgment, however, the language used was . . it appearing to the Court that no contract existed between Michael A. Benanti and Patricia K. Morrison and her brother, before Michael A. Benanti withdrew his offer. . . .” After the entry of the judgment, in order to establish the basis of the court’s ruling with certainty, appellant filed a motion to amend the judgment by striking out the above-quoted language and inserting the following:
“. . . and it is Adjudged that the document labelled ‘Offer to Purchase — Receipt for Deposit — Contract for Sale,’ dated May 19,1975 and signed by Michael A. Benanti and Patricia K. Morrison was not a binding contract for sale because all of the parties with an ownership interest in the property, namely, Patricia K. Morrison, George W. Knapp, and the S.un First National Bank, did not execute the contract on or before May 21, 1975. . .”
Other relief was asked in this motion including a rehearing, but after argument all relief was denied except certain relief as to a supersedeas bond which is not germane to this appeal.
The denial of the motion to amend removes the patent ambiguities from the previous remarks of the court and the language of the judgment. This coupled with the universal rule that a judgment comes here clothed with a presumption of validity and the fact that the issue of whether the contract was conditional with a condition precedent, viz., the signature thereon of the brother of Patricia K. Morrison was fully pleaded and litigated below brings us to the point where the appeal must be decided on the basis of whether there is competent, substantial evidence to support the judgment on the latter point.
Benanti testified that when he signed the contract and delivered the money receipted for therein it was with the explicit understanding that the contract would be sent north for the signature of Mrs. Morrison’s brother who jointly inherited the property from their mother and that the contract would not be effective until such was done; that he rescinded the contract before such was obtained and that he was entitled to be refunded his deposit. If this was established by competent evidence he was entitled to rescind and have his deposit returned.[2] The trial judge held that Benanti had met his burden of proving his defense and ordered the money refunded by the stakeholder. We cannot say that there is not competent evidence[3] in the record supporting that conclusion. That is all the law requires.
We agree with appellant that the trial court should not have ordered the stakeholder to return the funds before the time for the filing of a petition for re-hearing had expired or the disposition of such a petition and without notice of any kind to the appellant.[4] In view of our affirmance *1219 on the merits of the judgment appealed from, however, the error of the trial judge is now harmless.
AFFIRMED.
ALDERMAN, C. J., and STETTIN, HERBERT, Associate Judge, concur.

. Harper v. Bronson, 104 Fla. 75, 139 So. 203 (1932); Burke v. Wallace, 98 Fla. 604, 124 So. 30 (1929).

. Savage v. Horne, 159 Fla. 301, 31 So.2d 477 (1974); Ganaway v. Henderson, 103 So.2d 693 (Fla. 1st DCA 1958).

. Shaw v. Shaw, 334 So.2d 13 (Fla.1976).

. Kerekes v. Clavijo, 325 So.2d 12 (Fla. 3d DCA 1975); Dixon v. Dixon, 184 So.2d 478 (Fla. 2d DCA 1966); Orange State Oil Co. v. Jacksonville Express Auth., 110 So.2d 687 (Fla. 1st DCA 1959).