404 So.2d 141 (1981)
SUN BANK OF MIAMI, Bal Harbour, Florida, Appellant,
v.
Rozanne G. LESTER, Appellee.
No. 80-1759.
District Court of Appeal of Florida, Third District.
September 8, 1981.
Rehearing Denied October 13, 1981.
Floyd, Pearson, Stewart, Richman, Greer & Weil and David W. Bianchi and Ray H. Pearson, Miami, for appellant.
Krause, Reinhard & Linden, P.A. and Ira Pozen, Miami, for appellee.
Before HUBBART, C.J., and BARKDULL and FERGUSON, JJ.
*142 BARKDULL, Judge.
Defendant, Sun Bank of Miami, brings this appeal from a final judgment entered in the Dade County Circuit Court in favor of the plaintiff, Lester. Plaintiff has cross-appealed, urging that there was an inadequate award of attorney fees.
Plaintiff, a licensed real estate salesperson, contracted for the purchase of a condominium unit. At the time of signing, on January 17, 1979, an initial $7,000.00 deposit was made. The contract called for an additional deposit by May 1, 1979. The contract read, in part, as follows:
"17. DEFAULTS. If the Buyer shall fail to do promptly any of the things required of him herein within the time allowed therefor, this agreement may, at the option of the Seller, be deemed terminated and all of the Buyer's payments made hereunder shall be deemed and considered as liquidated and agreed upon damages and all obligations and duties of the parties hereto shall thereupon terminate; provided, that if the default consists of an act or omission other than the failure to close when specified or failure to pay monies when required, the Buyer shall have ten (10) days from time of notification of default within which to cure the same. It is agreed by the parties that the apartment and its appurtenances are a part of a large development and that the exact amount of damages suffered by the Seller upon the default hereunder by the Buyer is incapable of practical ascertainment. The Escrow Agent upon being notified by the Seller in writing that the Buyer has defaulted shall forthwith pay to the Seller all of the deposits and interest thereon and the Escrow Agent shall have no duty or obligation to make an independent investigation, determination or confirmation of the alleged default. Buyer agrees that Seller's sole liability and obligation to Buyer in the event Seller fails to complete construction or otherwise fail to close this transaction is the return of the Buyer's deposits together with interest thereon. No action of specific performance of this agreement shall lie in favor of either party. Time is of the essence in this agreement. In the event that Seller is required to institute or defend any action by or against the Buyer by reason of Buyer's breach of any covenants herein, Seller shall be entitled to recover reasonable attorneys' fees and costs."
When the additional deposit had not been paid, the defendant's agent notified the plaintiff by telephone that the initial deposit was being returned. The plaintiff's offer to pay the additional deposit forthwith was refused. A May 3, 1979 check for the additional deposit, accompanied by a May 9 transmittal letter, was received by the defendant on May 16. However, the defendant refused to reinstate the contract and the plaintiff then brought the present action for specific performance and declaratory relief. The defendant answered and counterclaimed for attorney fees. After both parties moved for summary judgments, the trial court granted the plaintiff's motion, reserving its ruling on the questions of damages, costs, and attorney fees. Following a non-jury trial, the summary judgment was incorporated into a final judgment, awarding the plaintiff $6,500.00 in attorney fees and granting specific performance.
The appellant contends it was error to hold that as a matter of law the plaintiff was entitled to cure her default and enforce the contract, despite her waiver of notice and her non-performance. First of all, the May 1st deadline for the additional deposit was crucial because this was a "time is of the essence" contract. Secondly, the plaintiff should not have been permitted to cure her default because the default resulted from her own negligence, and the lack of pre-termination notice is inapplicable because the contract specifically waived notice of intention to terminate. The appellant also contends specific performance was improper, because the contract waived the specific performance remedy. See: Dillard Homes, Inc. v. Carroll, 152 So.2d 738 (Fla. 3d DCA 1963). Further, the appellant contends that the award of a $6,500.00 attorney fee to the plaintiff was excessive where no *143 facts were presented to support such an award.
We reverse. The contract made time of the essence; it clearly indicated that no notice would be given if a default was occasioned by the "failure to pay monies when required". The provision waiving specific performance as a remedy was valid. Dillard Homes, Inc. v. Carroll, supra; Black v. Frank, 176 So.2d 113 (Fla. 1st DCA 1965). The buyer admittedly failed to make the additional deposit as required, by May 1, 1979. The seller declared a default; the buyer's attempt to cure the default by her actions came too late. See: Dickson v. The Ridge Realty Company, 141 Fla. 807, 194 So. 241 (1940); Richards v. Hasty, 158 Fla. 459, 28 So.2d 876 (1947); Savage v. Horne, 49 So.2d 329 (Fla. 1950); compare: Lake Towers, Inc. v. Axelrod, 216 So.2d 86 (Fla. 4th DCA 1968); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980).
The appellee relies principally upon the cases of Lance v. Martinez-Arango, 251 So.2d 707 (Fla. 3d DCA 1971), and Blanton Lake Properties, Inc. v. WWW, Ltd., 301 So.2d 485 (Fla. 2d DCA 1974). The first case is distinguishable because the buyer tendered the payment before any default was declared and, also, the seller attempted to forfeit the buyer's deposit, whereas in the instant case the deposit was returned. In the second case, the subsequent payment was tendered on time but there was a scrivener's error in the check: the numbers stated $332,000.00 but the words were for Three Hundred Thirty-Two Dollars. Upon being put on notice, the maker of the check attempted to correct the scrivener's error within three days. On the facts, this case is not similar to the one sub judice.
Therefore, the summary judgment and final judgment in favor of the buyer are reversed. The award of attorney's fees to the buyer is reversed, and the cause is remanded to the trial court to consider the award and the amount of attorney's fees, if any, to the seller on its counterclaim.
Reversed and remanded, with directions.
FERGUSON, Judge (dissenting).
I dissent on the grounds that under the facts of this case, a strict enforcement of the provisions of paragraph 17 of the sales agreement unreasonably and unjustly penalizes Lester.
This case involves a pre-construction purchase of a condominium unit which is governed by Florida Condominium Law, Chapter 718, Florida Statutes (1979). The purchase price of the condominium unit was $126,000.00 and by the time of the trial it is undisputed that the same unit had a value of $225,000.00. By a mortgage rider attached to and made part of the sales agreement, the developers were to select the mortgage lender and give written notification to the buyer for the purpose of executing all applicable documents necessary to secure financing. At the time of default, the developer had yet to notify buyer that a mortgage lender had been selected. By the terms of the sales agreement, the completion of construction and closing date was estimated to be February, 1980, nine months after the subject deposit was due. No part of the deposit was available for use by the developer as § 718.202, Florida Statutes (1979) requires that the entire deposit be maintained in an interest bearing escrow account until closing with a member of the Florida Bar as escrow agent.
It is clear that under the facts of this case, seller has suffered no damages by buyer's two day delay in tendering the balance of deposit due. To the contrary, seller has the potential of recognizing large profits by refusing the prompt tender of buyer's late payment. Here the majority's rigid enforcement[1] of the "time is of the essence" clause will result in enforcing an excessive penalty in the unjust forfeiture of Lester's right to purchase the condominium. *144 See 3A Corbin, Contracts, § 715 (1960); Restatement, Contracts (2d), § 242, Comment d (such stock phrases as "time is of the essence" do not necessarily have this effect although they are to be considered along with other circumstances).
Finding no material breach under the circumstances of this case, and that the forfeiture would be inequitable, I would not enforce the "time is of the essence" provision of the contract.
NOTES
[1] While I agree that a default has technically occurred, see, e.g., Richards v. Hasty, 158 Fla. 459, 28 So.2d 876 (1947) (vendor must communicate intent to declare default), I would preclude enforcement of the contractual provision on the grounds of equity. See 3A Corbin, Contracts, infra.