PER CURIAM.
On January 21,1980, appellant and appel-lees entered into a contract for the purchase and sale of a parcel of real property. vThe deposit consisted of two checks drawn on a Buffalo bank, one for $500 and one for $4000. The former was to be cashed immediately, but the latter was to be replaced by a cashier’s check in ten days. Closing was to take place May 1,1981. Appellees deposited the $500 check into their Florida bank account, but the Buffalo bank declined payment for insufficient funds. However, appellant learned of the Buffalo bank’s action before appellees did and immediately notified appellees and advised that he was mailing them immediately two cashier’s checks to cover those given as a deposit. It appears that appellees had had second thoughts about selling and, thus, upon learning from appellant that the $500 check was not good, appellees announced they would not honor the contract.
Appellant sued for specific performance. The appellees contended there was no contract and apparently the trial court agreed and entered summary judgment for appel-lees.
We believe the trial court erred in entering summary judgment for appellees. The mutual promises of the parties were sufficient consideration to constitute a valid contract. Jenkins v. The City Ice and Fuel Co., 118 Fla. 795, 160 So. 215 (Fla.1935); 17 Am.Jur.2d, Contracts § 104. Thus, the question involved here is not whether there was a contract, but whether appellant’s giving a bad check as part of the deposit constituted such a material breach of the contract as to justify appellees’ termination thereof. We hold that under the circumstances of this case the breach was not sufficiently material to warrant appellees’ termination of the contract. Lance v. Martinez-Arango, 251 So.2d 707 (Fla. 3d DCA 1971); Restatement of Contracts, § 276(a). Time was not of the essence of the contract. Furthermore, even before appellees knew of the Buffalo bank’s refusal to pay the check appellant called them and advised he was mailing (and did mail) cashier’s checks for the entire deposit.
Accordingly, the summary judgment appealed from is reversed and the cause is remanded with directions to enter summary judgment for appellant.
REVERSED AND REMANDED with directions.
LETTS, C. J., and DOWNEY and BERA-NEK, JJ., concur.