DELL, Judge,
dissenting.
I respectfully dissent. I believe the trial court erred as a matter of law when it entered a summary final judgment on liability in favor of appellee, Alamo Rent-A-Car. Briefly, appellant, age eighteen, rented an automobile from appellee. Appellant *834 purchased, as part of her lease, a collision damage waiver. The parties stipulated that, while operating the automobile appellant became seriously ill and asked her companion, also age eighteen, to drive the vehicle. An accident occurred, through no fault of appellant’s companion, when another vehicle ran a stop sign and collided with the rental vehicle. Appellee claimed that appellant breached the lease agreement by allowing an unauthorized driver to operate the vehicle.
I would reverse the summary judgment. First, the breach, if any, was a technical breach and not a material breach of the contract. See Burger King Corporation v. Mason, 710 F.2d 1480 (11th Cir.1983); see also Callins v. Abbatecola, 412 So.2d 58 (Fla. 4th DCA 1982). Second, the contract limitation concerning unauthorized drivers, as applied, constituted an unconscionable restriction to the collision damage waiver. See Davis v. M.L.G. Corporation, 712 P.2d 985 (Colo.1986).