PER CURIAM.
New Saga Corporation, one of several defendants below, appeals a partial summary judgment in favor of Strongwill Corporation, plaintiff below. We affirm in part and reverse in part.
Strongwill and other plaintiffs brought a multi-count complaint against New Saga Corporation and its three shareholders. Insofar as pertinent here, Strongwill alleged that it had purchased fifteen lots located in Saga Bay, in Dade County, Florida. Strongwill asserted that under the contract for purchase and sale, as well as the warranty deed and no lien affidavit, it was to receive title free and clear of mortgages. Strongwill paid the full consideration at closing. However, New Saga did not procure releases of the fifteen lots from a mortgage in favor of Ponce de Leon Federal Savings and Loan Association which encumbered not only the fifteen lots, but other lots held by New Saga.[1]
Eventually the three shareholders of New Saga paid the mortgage. Instead of obtaining a satisfaction of mortgage, they took an assignment from Ponce de Leon Federal Savings and Loan Association. The mortgage therefore still encumbers Strongwill’s fifteen lots, which Strongwill asserts has clouded the title and prevented its ability to sell the fifteen lots.
The trial court granted Strongwill’s motion for partial summary judgment against New Saga, finding that New Saga had covenanted to convey the property free and clear of encumbrances and had accordingly breached its contractual obligations. The trial court directed New Saga to cause a satisfaction of mortgage to be filed with respect to the fifteen lots by a date certain, failing which the trial court “may” enter a judgment against New Saga equivalent to the value of the fifteen lots.
We first consider New Saga’s assertion that there were disputed issues of material fact which precluded entry of the partial summary judgment. We disagree, and concur with the trial court that the contractual documents are clear and unambiguous. That being so, the proffered oral evidence was properly excluded. See Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla.1957). Partial summary judgment was correctly entered on liability.
We next consider New Saga’s assertion that the partial summary judgment erroneously granted relief against the individual defendants. New Saga reasons that because the partial summary judgment directs the filing of a satisfaction of mortgage, and because the mortgage is now held by the three shareholders individually, it necessarily follows that the decree is addressed to the individual shareholders. Assuming that this argument is properly before us,[2] it is misdirected. We read the order as applying only to New Saga and therefore there is no basis to say that the partial summary judgment exceeds the scope of relief requested in the motion.
New Saga next contends that the trial court erred by granting immediate enforcement of the partial summary judgment. This court has held that it is improper for a trial court to let execution issue on a partial summary judgment for damages. See Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315, 319 (Fla. 3d DCA 1987); Pointer Oil Co. v. Butler Aviation, 293 So.2d 389, 390-91 (Fla. 3d DCA 1974); Liberman v. Rhyne, 248 So.2d 242, 244 (Fla. 3d DCA), cert. denied, 252 So.2d 798 (Fla. *409 1971); Fontainebleau Hotel Corp. v. Young, 162 So.2d 303 (Fla. 3d DCA 1964).
In the present case, however, the claim is for equitable relief. The granting of such relief is addressed to the sound discretion of the court, see generally Winn & Lovett Grocery Co. v. Saffold Bros. Produce Co., 121 Fla. 833, 838, 164 So. 681, 683 (1935), and we are unable to perceive a sound reason why the timing of the relief should not be included within that discretion. We conclude that the trial court did have the power to order specific performance and that no abuse of discretion has been shown in the exercise of that power.
By cross-appeal Strongwill contends that the trial court adopted an incorrect measure of damages to be assessed in the event that New Saga does not timely satisfy the mortgage as to the fifteen lots. The Florida Supreme Court has held that “as to a breach of the covenant against the encumbrance, the measure of damages recoverable for said breach should be the amount paid or the costs necessarily incurred to remove the encumbrance, provided said amount or amounts were reasonable.” Gore v. General Properties Corp., 149 Fla. 690, 700, 6 So.2d 837, 841 (1942) (citation omitted). In the trial court New Saga contended that the conventional measure of damages was too onerous, and persuaded the court to limit damages to the value of the lots.
In the present case the holders of the mortgage by virtue of the assignment from Ponce de Leon Federal are the sole shareholders of New Saga. For purposes of procuring the release of the mortgage with respect to the fifteen lots, the shareholders are simply negotiating with themselves. Since they are establishing their own price, if there is any hardship it is self-created. By contrast, the record suggests that Strongwill has constructed improvements on at least some of the fifteen lots, as a result of which the decree may be a windfall to New Saga.[3] We vacate so much of the partial summary judgment as establishes the measure of damages as the value of the fifteen lots.
Strongwill also argues on cross-appeal that the trial court should have entered partial summary judgment with respect to several additional lots. As an order denying summary judgment is a nonfinal, non-appealable order, we do not reach Strong-will’s contentions on that point.
Affirmed in part, reversed in part and remanded.

. The parties also entered into contracts with respect to other New Saga properties, which are also the subject of litigation. Those other properties and disputes are not involved in the partial summary judgment now before us.

. Only New Saga has appealed, not the three individual shareholders.

. If Strongwill only received a judgment inferi- or to the Ponce de Leon mortgage, while leaving the lots encumbered by the mortgage, the relief might well be illusory.