ON MOTION FOR CLARIFICATION
PER CURIAM.
The motion for clarification is granted; and the following opinion is substituted for the original opinion.
Stanley J. Baumann, Phyllis Baumann, and Michael Baumann, d/b/a The Bau-mann Partnership at Intracoastal Mall (Baumanns), appeal from a partial summary judgment directing the release of certain escrowed funds. For the following reasons, we reverse.
In 1989, the Baumanns entered into an agreement to sell the Intracoastal Mall (the Mall) to Intracoastal Pacific Limited Partnership, ORIXGP Intracoastal Corp., and Rubloff Intracoastal, Inc.[1] The sale was *404 closed in October 1989. Under the terms of the contract, Intracoastal would pay $32.5 million for the Mall. According to the agreement, approximately $1,915,369 was to be held in five escrow accounts until certain unleased spaces became leased and occupied. The Ethan Allen account was established for a potential lease-in-process at the time of closing. The contract provided that the Baumanns would be entitled to the Ethan Allen escrow which totaled $796,560 if the potential lease was finalized within its contractual time limit. If the lease was not finalized within that period, Intracoastal would be entitled to a return of its escrowed funds.
Intracoastal and Ethan Allen never finalized the lease. Ethan Allen decided to locate its store elsewhere. In May 1990, the Baumanns sued Intracoastal for breach of the purchase and sale agreement seeking damages for Intracoastal’s failure to finalize several leases. The Ethan Allen fund is the escrow account at issue in this appeal. The Baumanns claimed that Intracoastal in bad faith sought additional concessions from Ethan Allen which led Ethan Allen to locate its store elsewhere.
Intracoastal moved for partial summary judgment seeking an entitlement to the es-crowed Ethan Allen funds. In support of its motion, Intracoastal submitted the deposition testimony of Mr. Farooq Kathwari, President of Ethan Allen, averring that Ethan Allen would not have located its store at the Mall, regardless of the lease negotiations. In response, the Baumanns filed affidavits from Michael Baumann and Thomas Greene, a former vice president of Ethan Allen, stating that Mr. Kathwari had approved the Mall site and directed Mr. Greene to complete negotiations on the lease, and that as a result Ethan Allen submitted a proposed lease which was signed by Michael Baumann and returned to Ethan Allen. In addition, Mr. Greene’s affidavit averred that Intracoastal’s attempt to renegotiate the terms of the lease caused Ethan Allen to lose interest in the site. In February 1992, the court granted Intracoastal’s motion for partial summary judgment and ordered disbursement. The trial court then vacated the order because the Baumanns successfully argued that In-tracoastal had not specifically sought disbursement of the funds in its motion. Subsequently, the trial court reinstated the order granting partial summary judgment.[2] Intracoastal filed a second motion for summary judgment seeking disbursement. The trial court denied the motion without prejudice as the escrow agreement provided that the funds would remain in escrow for three years from the closing date. When the three-year-period elapsed, Intra-coastal moved for reconsideration of the order denying disbursement. The trial court granted the motion and ordered the funds disbursed. The Baumanns moved for and received a stay of the order and now appeal.
The partial summary judgment order directing disbursement of the Ethan Allen escrow funds was improper. Even though portions of Mr. Greene’s affidavit may not be admissible at trial, we find that the admissible portions of his affidavit in conjunction with Michael Baumann’s affidavit raised material issues of fact concerning the approval of the Ethan Allen lease and Intracoastal’s alleged bad faith in delaying the negotiations. Smith v. Harr, 571 So.2d 575 (Fla. 5th DCA 1990), rev. denied, 581 So.2d 1308 (Fla.1991); Humphrys v. Jarrell, 104 So.2d 404 (Fla. 2d DCA 1958). Moreover, the order was improperly entered before disposition of all matters because the Ethan Allen funds constituted only a portion of the damages sought by the Baumanns for the breach of contract. See New Saga Corp. v. Strongwill Corp., 565 So.2d 407 (Fla. 3d DCA 1990); Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987); Fontainebleau Hotel Corp. v. Young, 162 So.2d 303, 307 (Fla. 3d DCA 1964).
Reversed and remanded.

. The appellees will be referred to collectively as Intracoastal.

. Although the order was entitled "Partial Final Summary Judgment,” the order was not an ap-pealable order. See Nolan’s Towing and Recovery v. Marino Trucking, Inc., 581 So.2d 644 (Fla. 3d DCA 1991); Knight v. Nelson, 574 So.2d 1124 (Fla. 4th DCA 1991).